Andre DREW, Appellant,

v.

Barbara A. RIDLEY, District of Columbia Board of Parole, Appellee.

No. 92–SP–340.

District of Columbia Court of Appeals.

Submitted Sept. 16, 1993.

Decided Oct. 14, 1993.

Robert O. Goff, for appellant.

John Payton, Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Mary L. Wilson, Asst. Corp. Counsel, were on the Memorandum in Lieu of Brief, for appellee.

Before ROGERS, Chief Judge, and FERREN and SULLIVAN, Associate Judges.

FERREN, Associate Judge:

On August 26, 1991, appellant filed a *pro se* petition for writ of habeas corpus in the Superior Court pursuant to D.C.Code § 16–1901 (1989). He has challenged both the validity of the United States Parole Commission's transfer of authority over appellant's parole from a federal District Court sentence to the District of Columbia Board of Parole and that Board's subsequent actions. On January 17, 1992, the court entered an order to show cause why the writ should not issue. A response was filed on February 11, 1992, and the court denied appellant's petition on February 14, 1992. Appellant then filed a motion for reconsideration, which the court denied on February 24, 1992.

Appellant, who now has counsel, contends on appeal that (1) the Superior Court lacked jurisdiction, and thus committed plain error, in ruling on his petition for a writ of habeas corpus; (2) alternatively, on March 2, 1988 when the Board issued a parole violator warrant for violating his parole from a federal sentence, appellant had already served his federal sentence; (3) the Board, in any event, had no authority to issue a warrant for his alleged violation of parole from a sentence imposed by a federal court; and (4) the failure of the United States Parole Commission to conduct a preliminary hearing after lodging a detainer warrant against appellant with the Superintendent of the District of

Columbia jail constituted a denial of due process.[1] We reverse and remand for entry of an order to dismiss the petition for lack of Superior Court jurisdiction.

## I.

On September 29, 1982, the United States Parole Commission paroled appellant from a nine year sentence, imposed by a United States District Court, for the interstate transportation of a motor vehicle and assault with a deadly weapon. On July 21, 1983, appellant was arrested in the District of Columbia for kidnapping and sodomy. Based on this arrest, the United States Parole Commission, on July 28, 1983, lodged a detainer against appellant with the Superintendent of the District of Columbia jail for violating the conditions of his federal parole. On September 25, 1984, appellant pled guilty to the kidnapping and sodomy charges, and the Superior Court sentenced him to five to fifteen years in prison, less 432 days attributable to his pretrial detention from July 21, 1983 to September 24, 1984.

Almost four and a half years later, by letter of February 12, 1988, the United States Parole Commission transferred jurisdiction over appellant's case to the District of Columbia Board of Parole pursuant to 18 U.S.C. § 4203(c)(3) (1982). In a copy of the same letter, the Parole Commission instructed the United States Marshal to remove the parole violator warrant, which had served as the detainer, and to "simultaneously transfer the warrant to the District of Columbia Board of Parole for appropriate action." On March 2, 1988, the District's Board issued its own parole violator warrant.

Two years later, on July 20, 1990, the Board granted appellant parole from the kid-

1. The District argued in its Memorandum in Lieu of Brief that this appeal would become moot upon appellant's anticipated release from custody on November 21, 1992. Before argument, this court accordingly issued an Order to Show Cause why this case should not be dismissed as moot under *Lane v. Williams*, 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982). In response, appellant notes that the prisoners in *Lane* challenged the lengths of their sentences whereas appellant, in contrast, challenges the very propri-

ety of the Board's revocation of his parole. It would appear that this distinction means this case is not moot, for unless appellant prevails in this appeal, he will retain the blemish of a parole violation on his record even if he no longer is serving time. There apparently is still a controversy of legal consequence to appellant. We need not—indeed, may not—resolve the mootness issue, however, for as indicated below the trial court lacked jurisdiction over this case.

napping and sodomy sentences. On that same day, the Board executed the detainer warrant it had issued on March 2, 1988, with respect to the federal sentence; thus, appellant remained in custody. At a parole revocation hearing on September 4, 1990, the Board revoked appellant's parole for the balance of his federal sentence, and, as a result, appellant's incarceration continued. Although the District stated in its Memorandum in Lieu of Brief that appellant was scheduled to be released from prison on November 21, 1992, it is not clear from the record whether appellant has yet been released.

## II.

■ Although appellant filed his *pro se* petition in Superior Court, he now contends through counsel—claiming plain error—that the court lacked jurisdiction because, at the time the petition was filed, appellant was serving only the balance of a prison term imposed by a United States District Court. It follows, he says, that only the federal Court has jurisdiction. We agree with appellant that the Superior Court lacked jurisdiction over his petition. In *Jones v. Jackson*, 416 A.2d 249 (D.C.1980), the petitioner, as in this case, was serving a federal sentence under the jurisdiction of the District of Columbia Board of Parole, "which was handling [the] case for the [United States] Parole Commission as a matter of comity." *Id.* at 251. We concluded that the petitioner was required to seek habeas corpus relief either in a federal court or in the Superior Court, depending on whether the officials in charge of his incarceration were acting as federal or local officials on the date he filed his petition. We said that "[t]he proper characterization of these officials depends, in turn, on whether [the petitioner] was serving a federal or a local sentence at the time the petition was filed." *Id.* (citations omitted).

In this case, appellant was serving a federal sentence when he filed his petition for writ of habeas corpus. At the time the Board issued the parole violator warrant on March 2, 1988, appellant had not fully served his federal sentence because the detainer warrant the United States Parole Commission had lodged with the Superintendent of the District of Columbia Jail on July 28, 1983, had tolled that sentence. *See Jones,* 416 A.2d at 253 (lodging of parole violator warrant tolled running of appellant's federal sentence until parole was later revoked). Appellant, therefore, was still serving his federal sentence—and no other—when the Board executed the parole violator warrant on July 20, 1990, and revoked appellant's parole on September 4, 1990.

■ Appellant was still serving this federal sentence when he filed his petition for writ of habeas corpus in Superior Court on August 26, 1991. Appellant, therefore, should have filed his petition in the federal District Court; the Superior Court lacked jurisdiction. *See Jones,* 416 A.2d at 254. Petitioner could not waive this jurisdictional defect and thus is not estopped from arguing the point now. *See King v. Kidd,* Nos. 90–CV–1621, 91–CV–283, 1993 WL 326062 (D.C. Aug. 26, 1993), slip op. at 8–11; *Customers Parking, Inc. v. District of Columbia,* 562 A.2d 651, 654 (D.C.1989) (citing federal cases discussing inability to waive subject matter jurisdiction).[2] If the trial court decides a case without jurisdiction to do so, appellate court review is limited to correcting the jurisdictional error. *Capitol Hill Hosp. v. District of Columbia,* 600 A.2d 793, 800 (D.C. 1991); *Council of Sch. Officers v. Vaughn,* 553 A.2d 1222, 1228 (D.C.1989). The trial court took jurisdiction in denying, rather than dismissing, the petition. We therefore must reverse and remand to the Superior Court for entry of an order to dismiss appellant's petition for lack of jurisdiction.

*So ordered.*

---

**2.** Appellant filed his petition in Superior Court *pro se;* he proceeds with counsel on appeal. Thus, it is understandable why counsel would, in effect, confess error by pointing out that, under *Jones,* his client sought relief in the wrong court.