William D. HILL, Appellant,

v.

DISTRICT OF COLUMBIA BOARD
OF PAROLE, Appellee.

No. 99–SP–14.

District of Columbia Court of Appeals.

Submitted Sept. 26, 2000.
Decided Oct. 11, 2000.*

---

* The decision in this case was originally released as a Memorandam Opinion and Judgment on October 11, 2000. It is now being published by direction of the court.

Janell M. Wolfe, Arlington, VA, for appellant.

Mary L. Wilson, Assistant Corporation Counsel, with whom Robert R. Rigsby, Acting Corporation Counsel, at the time the brief was filed, and Charles Reischel, Deputy Corporation Counsel, were on the brief, for appellee.

Before SCHWELB and RUIZ, Associate Judges, and PRYOR, Senior Judge.

RUIZ, Associate Judge:

Appellant filed a petition for a writ of habeas corpus, which the Superior Court denied without a hearing. We affirm.

## I.

The Superior Court of the District of Columbia sentenced William Hill on February 19, 1976, to twenty years to life for Murder I and possession of a prohibited weapon. The District of Columbia released him on parole on April 6, 1995. Hill was arrested on November 7, 1995, while he was on parole, for unlawful possession of a firearm, convicted in the United States District Court for the District of Columbia under 18 U.S.C. § 922(g)(1), and sentenced to fifty-seven months in prison.[2] Hill completed that sentence on December 23, 1999.

On November 20, 1995, after Hill's arrest on federal charges but before his conviction, the District of Columbia Board of Parole issued a warrant for his arrest for violating the conditions of his release. The warrant directed officers to execute it unless Hill was in custody, in which case they were directed to detain him and notify the Parole Board. The warrant stated:

2. Hill was initially sentenced to 96 months in prison. After his conviction was vacated on appeal, *see United States v. Hill*, 327 U.S.App. D.C. 402, 131 F.3d 1056 (1997), he was again convicted, and sentenced to 57 months in prison.

3. The government has advised the court that Hill had a revocation hearing on April 27,

You are hereby commanded to take said parolee, wherever found in the United States and return said parolee to the custody of the District of Columbia Department of Corrections, *except* if said parolee is already in the custody of Federal, state or District of Columbia authorities, *do not execute this warrant.* Place a detainer and notify the D.C. Board of Parole.

(emphasis in original). Appellant filed the instant writ of habeas corpus on November 13, 1998, while he was serving his federal sentence. After December 23, 1999, when his federal sentence was completed, Hill remained in custody in the federal prison in Manchester, Kentucky pursuant to the detainer warrant, awaiting a parole revocation hearing.

Hill argues that the Parole Board executed its detainer warrant on November 22, 1995, by providing him a copy. As such, he began to serve time on his prior District of Columbia conviction on that date. He also argues that he was denied a prompt parole revocation hearing as required by D.C. Mun. Regs. tit. 28, § 218.1 (1987).[3]

## II.

This case presents in a somewhat odd fashion because Hill's habeas petition was filed against the D.C. Board of Parole at a time when Hill was incarcerated in a federal prison pursuant to a federal sentence. The parties do not agree whether Hill was, at the time of his petition, also incarcerated pursuant to District of Columbia law. The Board of Parole has produced Federal Bureau of Prisons records to show that

2000 and that his parole was revoked on June 27, 2000, with reparole effective October 27, 2000. These actions were taken by the U.S. Parole Commission, which has assumed responsibility of these matters from the D.C. Board of Parole, which was abolished on August 5, 2000. *See* D.C.Code § 24–1231(a) (1999 Supp.).

Hill was serving a federal sentence under 18 U.S.C. § 922(g)(1) at all times between November 7, 1995 and December 23, 1999, including the date he filed his petition, November 13, 1998. Hill, however, alleges that a detainer warrant issued by the D.C. Board of Parole was executed on November 20, 1995, and that execution caused him to resume his incarceration under his District of Columbia sentence. We address a potential jurisdictional issue lurking in this situation.

■ Petitions for habeas corpus by "a person committed detained, confined or restrained from his lawful liberty within the District" may be filed either in the United States District Court for the District of Columbia or the District of Columbia Superior Court. D.C.Code § 16–1901(a) (1997 Repl.). A writ of habeas corpus is "directed to the officer or other person in whose custody or keeping" the party has been placed. *See id.* The writ of habeas corpus is an order directing officials holding a prisoner in custody to produce that person before the court for a hearing on his claim for relief. *See Bennett v. Ridley,* 633 A.2d 824, 826 (D.C.1993). Jurisdiction depends upon who is incarcerating the petitioner. Petitions directed to "Federal officers and employees" are filed in the United States District Court for the District of Columbia, *see* D.C.Code § 16–1901(b), while petitions "directed to any other person" are filed in the Superior Court of the District of Columbia, *see* D.C.Code § 16–1901(c). This court has held that a petitioner is deemed to be held by "Federal officers and employees," regardless of the site of incarceration, when he is serving a federal sentence. *See Drew v. Ridley,* 632 A.2d 405, 407 (D.C.1993). Otherwise, the District of Columbia Superior Court has jurisdiction. *See id.*

■ Even assuming that Hill was not being confined pursuant to a District of Columbia sentence when he filed his petition because the parole violator warrant had not been executed, we conclude that Hill properly filed his petition in the Superior Court of the District of Columbia. A prisoner has the right to raise, through a petition for habeas corpus, any issues arising from the execution of his sentence. *See Alston v. United States,* 590 A.2d 511, 514 (D.C.1991). Although we recognize that Hill was in the custody of federal officers at the time he filed his petition, the gravamen of his habeas petition is directed to the manner of execution by the D.C. Board of Parole of the sentence imposed by the Superior Court once he violated the terms of his parole by committing a federal offense.[4] Such a petition is neither in form nor substance against the federal custodian, but against the D.C. officers who, at that time, had responsibility over his parole from the D.C. sentence. As such, it is properly filed in Superior Court. *See* D.C.Code § 16–1901(c).

### III.

■ The Superior Court properly dismissed Hill's claim. "[T]he facts set forth in the petition must make a prima facie case" for a writ of habeas corpus to issue. *Bennett v. Ridley,* 633 A.2d 824, 826 (D.C. 1993). "It is enough if an inmate presents an allegation and supporting facts which, if borne out by proof, would entitle him or her to relief." *Id.* (quotations omitted). Hill fails to meet this standard. His only alleged fact in support of his claim is that an arrest warrant was executed on November 20, 1995. He has proffered a document, however, that plainly states that it was not executed at that time. If the warrant was not executed, Hill's incarceration on the federal sentence did not count against his prior D.C. sentence, *cf. Ali v.*

---

4. We distinguish *Drew,* 632 A.2d at 407, in which we decided that the Superior Court lacked jurisdiction, because in that case the petitioner was not only serving a federal sentence but the substance of his petition, even though against the D.C. Board of Parole, concerned actions the Board had taken pursuant to a transfer of authority from the U.S. Parole Commission to the Board of Parole. *See id.* at 406.

*District of Columbia,* 612 A.2d 228, 229 (D.C.1992) (holding that pre-sentence credit was not available for periods spent in custody before sentencing for one offense when the defendant was serving a sentence for another offense), and the District of Columbia Board of Parole had no duty to hold a parole revocation hearing, *see also Moody v. Daggett,* 429 U.S. 78, 89, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) (holding that the "Commission ... has no constitutional duty to provide petitioner an adversary parole hearing until he is taken into custody as a parole violator by execution of the warrant").[5]  The decision of the Superior Court is therefore

*Affirmed.*

former responsibilities to the U.S. Parole commission.  See *supra* note 2.

---

**5.**  We express no opinion as to the procedures following execution of the warrant when Hill completed serving his federal sentence, or whether jurisdiction would lie in Superior Court after transfer of the Board of Parole's