Gary L. FEST, Petitioner-Appellant,

v.

Ronald L. BARTEE, Chairman,
Nebraska Parole Board, et al.,
Respondent-Appellee.

No. 86–1988.

United States Court of Appeals,
Ninth Circuit.

Submitted * Nov. 10, 1986.

Decided Nov. 14, 1986.

Gary L. Fest, Carson City, Nev., for peti-
tioner-appellant.

No appearance the case was submitted
on the briefs.

Before WRIGHT, SNEED and KOZIN-
SKI, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

This pro se appellant twice sought a writ
of habeas corpus in the district of Nevada.
He is confined in Nevada state prison, serv-

---

* The panel unanimously finds this case suitable
for decision without oral argument.   Fed.R.   App.P. 34(a);  Ninth Circuit Rule 3(f).

ing an extended sentence after a rape conviction in the state court of Nebraska. Nevada accepted him under the Interstate Corrections Compact and has detained him for more than eight years pending receipt of an order of release by Nebraska authorities.

The appellees have not appeared in the district court, filed a response to the petition or filed a brief in this appeal. They are the members of the Nebraska Board of Parole and the attorney general of that state.

Fest's first petition for federal habeas relief was dismissed for failure to exhaust state remedies. Fest then filed a petition for writ of mandamus in Nevada state court. It was denied for lack of jurisdiction and an appeal was also dismissed on jurisdictional grounds. At least, these are Fest's allegations in his brief in this court. He next filed a second federal petition in the matter now before us and that, too, was dismissed but without prejudice.

The district judge was not convinced that he had jurisdiction over Nebraska officials but the minute entry in his court says simply that "he takes no position" as to whether Nebraska or Nevada has jurisdiction or whether Fest must exhaust his remedies in either or both states.

Nebraska and Nevada are parties to the Interstate Corrections Compact adopted in full by Nevada. Nevada Revised Statutes ("NRS") 215A.010 et seq. The text of the Compact, set out in NRS 215A.020, details the rights and duties of the parties.

Prisoners transferred to another state under the Compact remain subject to the control and jurisdiction of the "sending" state. Article IV(c). The receiving state acts only as agent for the sending state. Article IV(a). The prisoner must be given all rights he would have received in the sending state. Article IV(e).

The receiving state must provide regular reports on the inmate so the inmate can receive a record review according to the laws of the sending state. Article IV(d). Hearings to which the inmate is entitled by the laws of the sending state can be held in the receiving state if authorized by the sending state. Article IV(f). The hearings are conducted according to the laws of the sending state. *Id.* The record of the hearing and recommendations are sent to the appropriate officials in the sending state who are solely responsible for a decision. *Id.* The sending state's decision is final and not reviewable by the receiving state. Article V(a).

Under the compact the Nevada officials are not responsible for the unfavorable parole decisions. The Nevada Parole Board is merely a conduit of information for the Nebraska Parole Board, not the principal in this conflict.

■■■ Before he can bring a petition for habeas corpus in district court the appellant must exhaust his claims in state court. *Rose v. Lundy*, 455 U.S. 509, 516, 102 S.Ct. 1198, 1202, 71 L.Ed.2d 379 (1982); 28 U.S.C. § 2254(b). Nebraska has continued jurisdiction over and constructive custody of Fest. He must bring his claims in that state.

■■■ A habeas petition can be brought in the court with jurisdiction over the prisoner or his custodian. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495–99, 93 S.Ct. 1123, 1129–31, 35 L.Ed.2d 443 (1973). The physical presence of the prisoner is not necessary for habeas corpus jurisdiction as long as the court has jurisdiction over the person holding the prisoner. *Id.* at 494–95, 93 S.Ct. at 1129.

■■ The court used traditional venue considerations to determine where the action should be located. *Id.* at 497–501, 93 S.Ct. at 1130–32. The appellees are the State of Nebraska and the members of the Nebraska Board of Parole. The law and procedures at issue are those of Nebraska. The appellant is more properly considered to be in the custody of Nebraska. The petition should be brought in Nebraska.

AFFIRMED.