**Allen R. TAYLOR, Appellant,**

v.

**Odie WASHINGTON, et al., Appellees.**

**No. 01–SP–685.**

District of Columbia Court of Appeals.

Submitted June 4, 2002.

Decided Oct. 10, 2002.

---

Allen R. Taylor, pro se.

Roscoe C. Howard, Jr., United States Attorney, and John R. Fisher, Elizabeth Trosman, Robert D. Okun, and Susan A. Nellor, Assistant United States Attorneys, were on the brief for the federal appellees.

Robert R. Rigsby, Corporation Counsel at the time, and Mary L. Wilson, Assistant Corporation Counsel, filed a statement in lieu of a brief on behalf of appellee Washington.

Before SCHWELB and GLICKMAN, Associate Judges, and KING, Senior Judge.

GLICKMAN, Associate Judge:

■ This is one of several pending appeals from denials of habeas corpus petitions filed under D.C.Code § 16–1901 (2001) by prisoners convicted of D.C.Code offenses who are serving their sentences in state or federal institutions outside the District of Columbia and who seek to challenge decisions of the United States Parole Commission denying them parole. In some of these cases, motions judges have denied the petitions for lack of jurisdiction, while in others, such as the instant case, the judges have denied the petitions on their merits. The government argues that

all such petitions should be dismissed for want of personal jurisdiction over the petitioners' custodians. We hold that the only proper respondent in a habeas corpus action brought by an incarcerated petitioner is the petitioner's custodian. Usually, and in this case, that custodian is the warden of the institution in which the prisoner is incarcerated. Because the Superior Court did not have personal jurisdiction over Taylor's custodian, we remand for that court to dismiss Taylor's petition without reaching the merits.

## I.

Appellant Allen R. Taylor has been incarcerated since his 1976 conviction for first degree murder and related crimes. In January 2001, seeking his immediate release on parole, Taylor filed a petition for a writ of habeas corpus in the Superior Court of the District of Columbia. Taylor named as respondents Odie Washington, the Director of the District of Columbia Department of Corrections, along with the Chairman of the United States Parole Commission and the Attorney General of the United States. Although Taylor was incarcerated in the Sussex II State Prison in Waverly, Virginia, he did not name the warden of Sussex II as a respondent.

In his petition, Taylor challenged the United States Parole Commission's December 1999 decision denying him parole—a decision that came after the District of Columbia Board of Parole had denied him parole in 1995 and 1997.[1] Taylor contended that the Commission violated his right to due process by acting vindictively and relying on misinformation about his criminal history contained in Board of Parole records. The motions judge directed the respondents to show cause why he should not grant Taylor's petition.

In a brief submission, the District of Columbia asked the court to dismiss the petition as to the Director of the Department of Corrections because Taylor was challenging the actions of the United States Parole Commission, and the District of Columbia could not provide him any relief. The court granted the District's request. Thereafter, the federal respondents answered and asked the court to dismiss the petition for lack of personal jurisdiction over the only proper respondent, namely, the warden of Sussex II State Prison, who was Taylor's immediate custodian. In the alternative, the federal respondents asked the court to deny Taylor's petition on its merits because the Parole Commission did not abuse its discretion in denying Taylor his release on parole. The court denied the petition on the merits as to the federal defendants without addressing the jurisdictional question. In his pro se appeal, Taylor challenges both the dismissal of the District respondent and the denial on its merits of his petition as to the federal respondents.

## II.

The authority of the Superior Court to grant a writ of habeas corpus is set forth in D.C.Code § 16–1901. Although the government does not raise this point in this appeal, under the statute, the Superior Court does not have jurisdiction to entertain a habeas corpus petition directed against the federal respondents. D.C.Code § 16–1901(b) specifies that "[p]etitions for writs directed to Federal officers and employees shall be filed in the

---

1. The National Capital Revitalization and Self–Government Improvement Act of 1997 ("Revitalization Act"), which became effective on August 5, 1998, abolished the D.C. Board of Parole and transferred parole responsibility for District of Columbia prisoners to the United States Parole Commission. *See* D.C.Code § 24–131 (2001).

United States District Court for the District of Columbia." The only remaining issue is whether Taylor properly named the Director of the D.C. Department of Corrections as a respondent. We hold that he did not because the only proper respondent in a habeas corpus action is "the officer or other person in whose custody or keeping" the petitioner is detained. D.C.Code § 16–1901(a).

■■■ A petition for a writ of habeas corpus challenges the lawfulness of the government's asserted right to detain an individual. *See Chatman–Bey v. Thornburgh,* 274 U.S.App. D.C. 398, 400, 864 F.2d 804, 806 (1988). "The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 494–95, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). "The important fact to be observed in regard to the mode of procedure upon this writ is, that it is directed to, and served upon, not the person confined, but his jailer." *Id.* at 495, 93 S.Ct. 1123 (internal quotations and citations omitted). Thus, it is "well settled that the appropriate defendant in a habeas action is the custodian of the prisoner." *Chatman–Bey,* 274 U.S.App. D.C. at 404, 864 F.2d at 810. The court therefore "may not grant [habeas corpus] relief unless it has personal jurisdiction over the custodian of the prisoner." *Alston v. United States,* 590 A.2d 511, 515 (D.C. 1991); *see also Braden,* 410 U.S. at 495, 93

S.Ct. 1123; *Chatman–Bey,* 274 U.S.App. D.C. at 404, 864 F.2d at 810.

■■■ In the habeas context, the term "custodian" ordinarily means the warden of the institution in which the petitioner is imprisoned—the person "having a day-to-day control over the prisoner" and "who can directly produce 'the body' of the petitioner" if required to do so by the court. *Guerra v. Meese,* 252 U.S.App.D.C. 1, 3, 786 F.2d 414, 416 (1986) (citation omitted).[2] In general, therefore, "only courts having jurisdiction over the warden of a penitentiary can grant a writ of habeas corpus on behalf of any of its inmates." *Sanders v. Bennett,* 80 U.S.App. D.C. 32, 33, 148 F.2d 19, 20 (1945); *cf.* Alston, 590 A.2d at 514–15 (noting that under D.C.Code § 16–1901, courts in the District of Columbia ordinarily may grant habeas corpus relief to prisoners only if they are incarcerated within the District or in the District's correctional facilities).

In some cases, courts have deemed the Director of the Department of Corrections, though he is not the warden of any institution, to be the custodian for habeas corpus purposes of prisoners incarcerated in correctional facilities that are, or were, managed by the Department of Corrections pursuant to D.C.Code § 24–211.02 (2001)—namely, the Washington Asylum and Jail in the District and, formerly, the Occoquan Workhouse and the Lorton Reformatory in Virginia.[3] *See, e.g., Poole v. Kelly,* 293 U.S.App. D.C. 329, 331 n. 3, 954

---

**2.** Similarly, *see Vasquez v. Reno,* 233 F.3d 688, 691 (1st Cir.2000); *Blango v. Thornburgh,* 942 F.2d 1487, 1491–92 (10th Cir. 1991); *Blau v. United States,* 566 F.2d 526 (5th Cir.1978); *United States v. Clinkenbeard,* 542 F.2d 59, 60 (8th Cir.1976); *Billiteri v. United States Bd. of Parole,* 541 F.2d 938, 948 (2d Cir.1976). *See generally* James S. Liebman and Randy Hertz, *Federal Habeas Corpus Practice and Procedure* 411–16 (3d ed.1998) (providing an overview of the principles gov-

erning personal jurisdiction over the appropriate respondent in federal habeas actions).

**3.** In the Revitalization Act, Congress mandated the closing of the Lorton Correctional Complex and the transfer of its inmates to institutions operated or contracted for by the United States Bureau of Prisons. *See* D.C.Code § 24–101 (2001).

F.2d 760, 762 n. 3 (1992) (calling Director of the Department of Corrections the custodian of Lorton Reformatory inmates). The statutory justification for treating the Director as the custodian of such prisoners is that the Department of Corrections is "responsible for the safekeeping, care, protection, instruction, and discipline of all persons committed to such institutions," and (subject to the approval of the Council of the District of Columbia) is authorized "to promulgate rules and regulations for the government of such institutions and to establish and conduct industries, farms, and other activities, to classify the inmates, and to provide for their proper treatment, care, rehabilitation, and reformation." D.C.Code § 24–211.02 (2001).[4] This justification has no application here, however. Sussex II State Prison is not a District-run facility—it is owned and operated by the Commonwealth of Virginia. Unlike with District prison facilities, the Director of the D.C. Department of Corrections has no supervisory authority over the day-to-day operations of a Virginia prison such as Sussex II. Absent such authority, it is difficult to see how the Director can be considered Taylor's custodian as that term is employed in the habeas corpus context.

■ We appreciate that prior to the Revitalization Act the D.C. Department of Corrections may have contracted with Virginia for Taylor's placement in Sussex II pursuant to the Interstate Corrections Compact, D.C.Code § 24–1001 (2001), under which the "receiving state" (here, Virginia) acts "solely as agent for the sending state" (here, the District), which retains "jurisdiction" over the transferred inmate (here, Taylor) and may remove the inmate for any proper purpose. *Id.,* Art. IV(a), (c). While there is authority suggesting otherwise, *see Fest v. Bartee,* 804 F.2d 559, 560 (9th Cir.1986) (holding that the sending state has "constructive custody" of the transferred prisoner for habeas corpus purposes), in our view the Compact does not alter the fact that the Director of the D.C. Department of Corrections is not the day-to-day custodian of a prisoner transferred to a non-District correctional facility.

The Compact also provides that transfer to another state's facility does not deprive an inmate of any "legal rights which the inmate would have had" if confined in the sending state, *id.,* Art. IV(e), and that any hearing to which the inmate may be entitled by the law of the sending state may be conducted before the "appropriate authorities" of that state. *Id.,* Art. IV(f). These provisions ensured that District of Columbia prisoners retained their legal rights when the District elected to incarcerate them in facilities outside the District. We do not construe these provisions as having expanded the jurisdiction of the courts of the District of Columbia over habeas corpus petitions challenging the denial of parole or otherwise contesting the legality of a transferred prisoner's confinement. D.C.Code § 16–1901(a) authorizes the courts of the District of Columbia to entertain such petitions only if they are directed against immediate custodians over whom the courts have personal jurisdiction.

■ Our holding that Taylor's custodian, and the only proper respondent, was the warden of his prison is bolstered by

---

4. Thus, while D.C.Code § 16–1901(a) allows persons who are confined "within the District" to petition for a writ of habeas corpus in the District's courts, the term has been construed to encompass persons confined outside the District's territorial limits so long as they are in the District's correctional facilities. *See Alston, supra; Blair–Bey v. Quick,* 331 U.S.App. D.C. 362, 369, 151 F.3d 1036, 1043 (1998); *McCall v. Swain,* 166 U.S.App. D.C. 214, 224, 510 F.2d 167, 177 (1975).

the cases holding that neither of the federal respondents is a custodian for habeas corpus purposes. Although D.C.Code § 24–201.26 (2001) states that all District of Columbia prisoners are committed "to the custody of the Attorney General of the United States or his authorized representative" for designation of their places of confinement, *Sanders* rejected the argument that such a statutory provision makes the Attorney General (or his designated representative, the Director of the Federal Bureau of Prisons) the custodian of all prisoners, wherever they may be confined, for purposes of habeas corpus. *See* 80 U.S.App. D.C. at 33, 148 F.2d at 20. As the court explained, the Attorney General "is a supervising official rather than a jailer:"

> For that reason, the proper person to be served in the ordinary case is the warden of the penitentiary in which the prisoner is confined rather than an official in Washington, D.C., who supervises the warden. An interpretation which would permit resort to the courts in the District of Columbia for writs of habeas corpus by prisoners in federal institutions all over the United States is without justification either in convenience or logic.

*Id.*

■ Similarly, the fact that the Parole Commission had the power to release Taylor from prison did not make the Commission his "jailer" while Taylor still was in prison. *Guerra,* 252 U.S.App. D.C. at 3, 786 F.2d at 416. Such an argument would prove too much to be accepted because it would:

extend[ ] to any person or entity possessing some sort of power to release [the petitioner]. Under [such a] theory, the Attorney General of the United States could be considered the custodian of every prisoner in federal custody because he supervises the Federal Bureau of Prisons. . . . We have specifically rejected this interpretation. . . . [This] argument would even extend to the President of the United States, who has the power to pardon. . . . The same argument, as applied to sentencing judges (who have the power to reduce the sentence) has been squarely rejected.

*Id.* (citations and footnote omitted).

Our conclusion that Taylor's warden was the only proper respondent for his habeas corpus petition does not contradict our decision in *Hill v. District of Columbia Board of Parole,* 766 A.2d 497 (D.C.2000), where we upheld a petition directed against the Board of Parole. In *Hill,* a federal prisoner in Kentucky filed a habeas corpus petition challenging the manner in which the Board issued a parole violator's warrant and lodged a detainer at his prison. We held that the Board of Parole was the proper respondent, and that the Superior Court had subject matter jurisdiction over the petition pursuant to D.C.Code § 16–1901(c),[5] because the petition did not challenge Hill's federal custody, but rather the Board of Parole's execution of his District of Columbia sentence:

> Although we recognize that Hill was in the custody of federal officers at the time he filed his petition, the gravamen of his habeas petition is directed to the manner of execution by the D.C. Board of Parole of the sentence imposed by the

---

5. D.C.Code § 16–1901(c) provides that petitions for writs directed to persons other than federal officers or employees shall be filed in the Superior Court of the District of Columbia rather than the United States District Court.

If the D.C. Board of Parole was the proper respondent, as the court held it was, no issue existed regarding personal jurisdiction over the Board in Superior Court.

Superior Court once he violated the terms of his parole by committing a federal offense. Such a petition is neither in form nor substance against the federal custodian, but against the D.C. officers who, at that time, had responsibility over his parole from the D.C. sentence. As such, it is properly filed in Superior Court.

*Id.* at 499 (footnote omitted). Our opinion in *Hill* followed the Supreme Court's holding in *Braden* that an entity issuing a detainer is the custodian and proper respondent for purposes of a habeas corpus petition that challenges not the petitioner's present detention but rather the future detention threatened by the detainer. *See Braden,* 410 U.S. at 498–99, 93 S.Ct. 1123. In contrast, Taylor's petition only challenged his present incarceration, and therefore had to be filed against the warden of his prison.

Taylor does not dispute that the courts of the District of Columbia lack personal jurisdiction over the warden of Sussex II State Prison. Hence, Taylor was in no position to seek to amend his petition to substitute the warden as the respondent. Consequently, we remand for dismissal of Taylor's petition, not for the reasons on which the Superior Court relied, but on the alternative ground that the court did not have personal jurisdiction over the only proper party-respondent. The dismissal shall be without prejudice to Taylor's refiling of his petition in a court that has jurisdiction to proceed on it.

*So ordered.*