**Larry S. KNIGHT, Appellant**

v.

**UNITED STATES, Appellee.**

No. 04–CO–223.

District of Columbia Court of Appeals.

Submitted April 19, 2005.
Decided Jan. 12, 2006.*

Larry S. Knight filed a brief pro se.

Kenneth L. Wainstein, United States Attorney, John R. Fisher, Assistant United States Attorney at the time the brief was filed, and Roy W. McLeese, III, and Thomas S. Rees, Assistant United States Attorneys, were on the brief for appellee.

---

* This case was originally decided in an unpublished Memorandum Opinion and Judgment. We now publish the opinion, with minor editorial revisions, having granted appellee's motion for publication.

Before TERRY and GLICKMAN, Associate Judges, and WAGNER, Senior Judge.**

TERRY, Associate Judge:

Appellant is a prisoner in the Federal Correctional Institution in Morgantown, West Virginia. He brings this appeal from the denial of his motion to vacate sentence and the dismissal of his petition for a writ of habeas corpus, in which he argued that the Bureau of Prisons ("BOP") should have placed him in a halfway house to serve the last portion of his sentence. We affirm.

I

Appellant was charged in two counts of a three-count indictment with distributing heroin in a drug-free zone.[1] He entered a plea of guilty to the lesser included offense of distributing heroin as charged in a superseding indictment, and on September 24, 2002, he was sentenced to four years of imprisonment, to be followed by five years of supervised release. The first count of the original indictment was dismissed. At the time. of his sentencing, appellant was serving a sentence previously imposed in another case, having been returned to custody after a parole violation. He began serving his current sentence in December 2002 and will complete his prison term in the latter part of 2006.

In September 2003 appellant filed *pro se* in the Superior Court a "Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255."[2] Incorporated in that motion was a section headed "Motion for Habeas Corpus Relief," in which he argued that his sentence was unlawful because of a change in BOP policy under 18 U.S.C. § 3624(c) with regard to the placement of prisoners in halfway houses near the end of their prison terms.[3] This change, appellant contended, made it impossible to "effectuate [the court's] original intentions in sentencing [him]." The government filed an opposition to the motion, and appellant filed a reply.

The sentencing judge denied appellant's motion to vacate his sentence and dis-

---

** Judge Wagner was Chief Judge of the court at the time this case was submitted. Her status changed to Senior Judge on December 21, 2005.

1. *See* D.C.Code §§ 33–541(a)(1) and 33–547.1 (1998), *recodified as* D.C.Code §§ 48–904.01(a)(1) and 48–904.07a (2001). A co-defendant was also charged with the same offense in the first count of the indictment, but in the second count appellant was charged alone. Appellant was not named in the third count.

2. The trial court properly considered this pleading as a motion to vacate sentence under D.C.Code § 23–110 (2001), since 28 U.S.C. § 2255 is not applicable in the District of Columbia courts. The two statutes are, with an exception not pertinent here, substantially identical.

3. 18 U.S.C. § 3624(c) provides:
    The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.
In addition, 18 U.S.C. § 3621(b) provides, in part, that "[t]he Bureau may, at any time ... direct the transfer of a prisoner from one penal or correctional facility to another." Traditionally, the BOP followed a practice of placing inmates in halfway houses for the last six months of their sentences. In December of 2002, however, the Department of Justice issued a memorandum opinion to the effect that these two statutory provisions "limit the BOP's discretion to place prisoners in [halfway houses] to the lesser of the last six months or ten percent of their terms of imprisonment." *Goldings v. Winn*, 383 F.3d 17, 19 (1st Cir.2004).

missed, without prejudice, his petition for a writ of habeas corpus. The judge stated in her order that "[w]hen this court imposed sentence in this case, it did not rely at all on the BOP halfway house policy," nor did it "sentence[ ] him with a view toward subsequent parole issues." Moreover, "even had this court relied upon the BOP halfway house policy in effect at the time the sentence was imposed, the law dictates that a subsequent change in the policy does not undermine the legality of the sentence." The judge therefore concluded that "the sentence was authorized by law, is not subject to collateral attack, and does not represent a denial or infringement of defendant's constitutional rights." She also held that the court lacked both subject matter jurisdiction and personal jurisdiction over appellant's request for a writ of habeas corpus because he was incarcerated in a federal facility, and thus his habeas corpus petition "should be filed in a federal district court," citing *Peoples v. Roach*, 669 A.2d 700 (D.C. 1995). Appellant noted the instant appeal.

## II

Appellant contends in his brief that he is "entitled to an order compelling the BOP to disregard its invalid new policy, and reconsider, utilizing pre-December 20, 2002 criteria, his eligibility for placement in a halfway house . . . ." For at least two reasons, this argument lacks merit.

### A. *Habeas Corpus*

■ Insofar as appellant seeks habeas corpus relief, we agree with the trial court that it lacked jurisdiction even to consider his habeas corpus petition. Under D.C.Code § 16–1901 (2001), "the Superior Court does not have jurisdiction to entertain a habeas corpus petition directed against federal respondents." *Taylor v. Washington*, 808 A.2d 770, 772 (D.C.2002).

Moreover, because "the only proper respondent in a habeas corpus action is 'the officer or other person in whose custody or keeping' the petitioner is detained," *id.* at 773 (quoting D.C.Code § 16–1901), the Superior Court "may not grant [habeas corpus] relief unless it has personal jurisdiction over the custodian of the prisoner." *Alston v. United States*, 590 A.2d 511, 515 (D.C.1991).

■ At the time he filed his habeas corpus petition, appellant was imprisoned in a federal facility in West Virginia. Consequently, the Superior Court had no jurisdiction to entertain his habeas claim, for "District of Columbia Courts may grant habeas corpus relief only for prisoners incarcerated within the District or in District of Columbia correctional facilities." *Id.* at 514–515. Further, the proper respondent is the warden of the prison in which appellant is being held. *See Taylor*, 808 A.2d at 773, 775; *accord, e.g., Rumsfeld v. Padilla*, 542 U.S. 426, 124 S.Ct. 2711, 2717, 159 L.Ed.2d 513 (2004); *Stokes v. United States Parole Commission*, 362 U.S.App. D.C. 410, 413–414, 374 F.3d 1235, 1238–1239 (2004). Because that warden is a federal officer, appellant's habeas corpus petition should have been filed in a federal court.

### B. *Motion to Vacate Sentence*

■ Insofar as appellant's motion in the trial court can be regarded as a motion to vacate sentence under D.C.Code § 23–110 (the local equivalent of 28 U.S.C. § 2255; see note 2, *supra*), it was properly denied by that court. We review such denials for abuse of discretion, *see Minor v. United States*, 647 A.2d 770, 776 (D.C.1994), and on the record before us we can find no such abuse.

The thrust of appellant's argument is that he is entitled to be resentenced in light of the change in BOP policy. This is

so, he argues, because application of the current policy would enable him to spend no more than the last ten percent of his 48–month sentence (4.8 months) in a halfway house, whereas the previous policy would have required him to spend a greater amount of time—at least six months—in a halfway house before re-entry into the community. Appellant maintains that the Superior Court relied on the BOP's prior policy in sentencing him, and that this "misapprehension" requires that his sentence be vacated and a new sentence imposed.

First, as the government correctly points out in its brief, appellant has failed to show that the sentencing judge relied in any way upon the BOP's policy with regard to placement in halfway houses when imposing sentence. Indeed, the sentencing transcript shows that the judge based her sentencing decision on such factors as appellant's prior criminal history, his recent parole violation, and his continued drug abuse. Nowhere in the record is there any indication that the judge ever considered appellant's potential placement in a halfway house. Thus appellant cannot claim that his sentence should be vacated because of an alleged "misapprehension" on the part of the sentencing judge.

Furthermore, even if the sentencing judge did in fact rely in some way on appellant's potential placement in a halfway house for the last six months of his prison term, that subjective intent has no bearing on the validity of his sentence. Though there is no case law on point from this court, both the Supreme Court and the United States Court of Appeals for the District of Columbia Circuit have addressed similar issues and have concluded that it is the validity of the sentence itself,

not the way in which the sentence is allegedly meant to be carried out, that is of concern under 28 U.S.C. § 2255. *See United States v. Addonizio,* 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979); *Mordecai v. United States,* 137 U.S.App.D.C. 198, 421 F.2d 1133 (1969), *cert. denied,* 397 U.S. 977, 90 S.Ct. 1098, 25 L.Ed.2d 272 (1970). In *Addonizio,* for example, the Court held that "subsequent actions taken by the Parole Commission—whether or not such actions accord with the trial judge's expectations at the time of sentencing—do not retroactively affect the validity of the [sentence] itself," and thus do not entitle a convicted defendant to section 2255 relief. 442 U.S. at 190, 99 S.Ct. 2235. In *Mordecai* the court pointed out that a motion under section 2255 may be used only to attack "a sentence which is 'in excess of the maximum authorized by law,'" which refers to "the sentence as *imposed,* as distinct from the sentence as it is being *executed.*" 137 U.S.App.D.C. at 204–205, 421 F.2d at 1139–1140 (emphasis in original; citation omitted).

In this case, the sentence imposed by the court was valid, and it remains valid, regardless of the subjective intent of the sentencing judge, and regardless of any change in BOP policy affecting the duration of appellant's actual stay in prison.[4] For this reason, we hold that the trial court did not abuse its discretion in denying appellant's motion to vacate his sentence.

The order from which this appeal is taken is therefore

*Affirmed.*

---

4. This court therefore need not address, as the court did in *Goldings, supra* note 3, whether the Department of Justice's interpretation of the statutory provisions governing the BOP's halfway house placement policy is correct, and whether it would in fact have an effect on the way in which appellant's sentence is executed.