**Jerry T. GRAHAM, Appellant**

v.

**UNITED STATES, Appellee.**

No. 02–CO–1050.

District of Columbia Court of Appeals.

Submitted June 12, 2003.
Decided Jan. 30, 2006 *.

Jerry T. Graham, filed a brief pro se.

Roscoe C. Howard, Jr., United States Attorney at the time the brief was filed, John R. Fisher, Assistant United States Attorney at the time the brief was filed, and Barbara J. Valliere, Nihar R. Mohanty, and John P. Gidez, Assistant United States Attorneys, were on the brief for appellee.

Before TERRY and RUIZ, Associate Judges, and STEADMAN, Senior Judge.**

---

* This case was originally decided in an unpublished Memorandum Opinion and Judgment. We now publish the opinion, with minor editorial revisions, having granted appellee's motion for publication.

** Judge Steadman was an Associate Judge of the court at the time this case was submitted. His status changed to Senior Judge on October 18, 2004.

TERRY, Associate Judge:

Appellant was charged with possession of cocaine with intent to distribute it (PWID) while armed. After a jury trial, he was convicted of the lesser included offense of unarmed PWID.[1] On appeal from that conviction, he argued primarily that the trial court had erred in denying his motion to suppress the cocaine and other physical evidence. This court rejected that argument (and others) and affirmed his conviction in an unpublished Memorandum Opinion and Judgment. *Graham v. United States*, No. 95–CF–786, 792 A.2d 1072 (D.C.2001).[2]

About a year later, in January 2002, appellant filed in the trial court a petition for a writ of habeas corpus, naming as the respondent the warden of the Sussex II State Prison in Virginia, where he had formerly been confined.[3] Appellant argued in his habeas corpus petition that the trial court had erred in denying his motion to suppress evidence, and that this court had also erred in rejecting his constitutional arguments and affirming his conviction. He claimed in addition that the trial court had made other errors in his murder case (see note 2, *supra*) and that this court had erred in affirming the murder and related convictions. The trial court, after reviewing the petition, concluded that it should be considered as a motion to vacate sen-

tence under D.C.Code § 23–110 (2001). As such, the motion was referred to the judge who had tried appellant's case, who denied it on the merits.[4] This appeal followed.

## I

■ Appellant's main contention on appeal is that the trial court erred in reclassifying his habeas corpus petition as a § 23–110 motion without his consent. He bases his argument on several federal cases dealing with motions under 28 U.S.C. § 2255, and in particular with that statute as it was amended in 1996 by the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104–132, 110 Stat. 1214, 1220 (1996). *See, e.g., Castro v. United States*, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003). Those cases are inapposite, however, because the AEDPA amendments, on which those federal decisions are based, apply only to motions filed under section 2255 and not to motions under our local statute, D.C.Code § 23–110. As the government explains in its brief, "AEDPA applies to successive motions filed pursuant to the federal statute," whereas section 23–110 "does not contain such stringent statutory requirements that limit a prisoner's ability to bring a second or successive motion . . . ." Since the federal decisions on which appellant relies are

---

1. The jury acquitted him of possession of a firearm while committing the crime of PWID, with which he had also been charged.

2. In the same indictment, appellant was charged with first-degree murder while armed and two related firearms violations. Those counts were severed from the cocaine charges, and appellant was tried separately and convicted of the murder and the firearms offenses. He appealed also from those convictions, but they were all affirmed by this court, again in an unpublished Memorandum Opinion and Judgment. *Graham v. United States*, No. 97–CF–240 (D.C. January 8, 2002).

3. As the government points out, at the time he filed his petition, appellant was incarcerated in the United States Penitentiary in Pollock, Louisiana, having been transferred there from Sussex II in July 2001—almost six months before he filed his habeas petition naming the warden of Sussex II as the respondent.

4. Although the trial court in its order makes reference to a "lack of jurisdiction," it is clear from the text of the order that the court, in denying the motion, was relying on the principles which we discuss in part II of this opinion.

based on these AEDPA restrictions, and since those restrictions (and AEDPA itself) are not applicable at all in the District of Columbia courts, we hold that the federal cases cited by appellant are inapposite.

■ In addition, it is clear that because appellant was serving his sentence in a federal penitentiary in Louisiana, the Superior Court had no jurisdiction to entertain a habeas corpus petition from him. "District of Columbia courts may grant habeas corpus relief only for prisoners incarcerated within the District or in District of Columbia correctional facilities." *Alston v. United States*, 590 A.2d 511, 514–515 (D.C.1991). Under D.C.Code § 16–1901 (2001), the District's habeas corpus statute, "the Superior Court does not have jurisdiction to entertain a habeas corpus petition directed against federal respondents." *Taylor v. Washington*, 808 A.2d 770, 772 (D.C.2002). The proper habeas corpus respondent was the warden of the federal prison in Louisiana where appellant was confined at the time he filed his petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 124 S.Ct. 2711, 2717, 159 L.Ed.2d 513 (2004); *Taylor*, 808 A.2d at 773, 775; *Stokes v. United States Parole Commission*, 362 U.S.App. D.C. 410, 413–414, 374 F.3d 1235, 1238–1239 (2004); *Chatman–Bey v. Thornburgh*, 274 U.S.App.D.C. 398, 404, 864 F.2d 804, 810 (1988) (en banc). Because that warden is a federal officer, the petition should have been filed in a federal court in Louisiana.

We therefore conclude that the trial court committed no error in treating appellant's habeas corpus petition as a motion to vacate his sentence under D.C.Code § 23–110. Appellant was in no way harmed by the court's recharacterization of his petition; indeed, that was the only way in which the court could have considered the petition at all.

## II

■ On the merits, we hold that appellant's petition, construed as a § 23–110 motion, was properly denied. The only claim pertinent to this case which was raised in appellant's motion was his assertion that the trial court had erred in denying his motion to suppress evidence. As the trial court recognized, he made the very same contention in the direct appeal from his conviction, and this court rejected it and affirmed the judgment in January 2001. For this reason, he is barred from raising the issue again on collateral attack. *See, e.g., Doepel v. United States*, 510 A.2d 1044, 1045–1046 (D.C.1986);[5] *Thompson v. United States*, 7 F.3d 1377, 1379 (8th Cir. 1993) (claim of unlawful search and seizure, previously rejected on direct appeal, cannot be raised again on collateral attack), *cert. denied*, 511 U.S. 1010, 114 S.Ct. 1383, 128 L.Ed.2d 58 (1994); *cf. Vaughn v. United States*, 600 A.2d 96, 97 (D.C. 1991) (trial court "was under no obligation even to consider" claims that had been raised and rejected in previous § 23–110 motion). Furthermore, insofar as appellant sought to challenge this court's prior ruling in his direct appeal that the search and seizure were lawful, the trial court correctly held that it had no authority to consider that claim. "Section 23–110 provides no basis upon which the trial court

---

5. As we said in *Doepel*:

   It is well-settled that where an appellate court has disposed of an issue on appeal, it will not be considered afresh on collateral attack in a trial court of the same judicial system, absent special circumstances.

   510 A.2d at 1045–1046 (citing authorities). Appellant has made no showing of "special circumstances" here.

may review appellate proceedings." *Streater v. United States,* 429 A.2d 173, 174 (D.C.1980).

For the foregoing reasons, the order denying appellant's petition for a writ of habeas corpus, considered as a motion to vacate sentence under D.C.Code § 23–110, is

*Affirmed.*