

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-24-2007

# Austin v. Miner

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3082

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Austin v. Miner" (2007). *2007 Decisions*. Paper 1069.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1069

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3082
_____

HAROLD G. AUSTIN,

Appellant,

v.

JONATHAN C. MINER

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 06-cv-00294)
District Judge: Honorable A. Richard Caputo
_____

Submitted Under Third Circuit LAR 34.1(a)
May 14, 2007

Before: Rendell, Hardiman and Cowen, Circuit Judges

(Filed: May 24, 2007)

_____

OPINION

_____

PER CURIAM

Appellant Harold G. Austin was indicted in 1980, along with two co-defendants,

1

on one count of First Degree Murder while Armed - Felony Murder during the course of an armed kidnapping, D.C. Code §§ 22-2401, 22-3202 (1973), one count of First Degree Murder while Armed - Felony Murder during the course of an armed robbery, id., and First Degree Murder while Armed with deliberate and premeditated malice, id., all arising from the killing of one person. See generally Byrd v. United States, 500 A.2d 1376, 1377 (D.C. Ct. App. 1985).[1]  A jury found Austin guilty of these charges.  He was sentenced to a term of imprisonment of 24 years to life, a judgment of sentence that was affirmed on direct appeal.

In January 1991, Austin filed a motion to vacate, set aside, or correct his sentence pursuant to D.C. Code § 23-110 in the District of Columbia Superior Court.  Among other claims, he contended that the indictment was defective because it charged him with three counts of first-degree murder arising from the death of only one individual, and that "cumulative" punishments for the three offenses constituted multiple punishment in

---

[1] Mr. Byrd was one of those co-defendants.  The District of Columbia Court of Appeals described the circumstances of the crime as follows:

> At trial, the government introduced evidence that [Samuel L. Byrd, Jr.] and his two codefendants stole an automobile and drove it to a gas station. There, [Byrd] and a codefendant left the car, and attempted to rob at gunpoint William Bell, an employee of the gas station.  When Bell resisted, he was forced into the car with the three men. The three robbers drove off, with the gas station owner in pursuit.  Bell was thereafter pushed out of the car.  As Bell ran away, one of the codefendants, identified as [Byrd], shot and killed him.

Id. at 1377.

violation of the Double Jeopardy Clause.  Relief was granted in July 1993 on the double jeopardy issue to this extent, according to Austin: both felony murder convictions were vacated, leaving only the conviction for first degree premeditated murder.  Austin's sentence was amended to a term of imprisonment of 22 years to life.  Relief was denied as to all other claims.  The District of Columbia Court of Appeals affirmed and the United States Supreme Court denied certiorari.

Austin is now incarcerated at the Allenwood United States Penitentiary in White Deer, Pennsylvania.  In February 2006, he filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in United States District Court for the Middle District of Pennsylvania, challenging the validity of his remaining District of Columbia conviction and sentence.  Although Austin raised a number of claims (which are set forth specifically in the District Court's Memorandum), his primary contention was that, because he was merely an accomplice, he cannot be guilty of first degree premeditated murder under D.C. Code § 22-2401 (1973).  (Petitioner's Memorandum in Support of Habeas Corpus Petition, at 3-4.)  Specifically, the jury was never instructed to find that he had a specific intent to kill, and in fact it did not find beyond a reasonable doubt that he had a specific intent to kill, see In re: Winship, 397 U.S. 358, 364 (1970).  Austin further claimed that the collateral appeal remedy provided by D.C. Code § 23-110 was inadequate or ineffective to address this constitutional error.

In an order entered on May 9, 2006, the District Court summarily dismissed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, and, thereafter,

3

the court, in an order entered on June 12, 2006, denied a timely motion for reconsideration. In sum, the District Court concluded that federal courts lack jurisdiction to entertain the habeas corpus petition of a District of Columbia prisoner, absent a showing that his remedy pursuant to D.C. Code Ann. § 23-110 is inadequate or ineffective to test the legality of the detention. Section 23-110 clearly is broad enough to encompass Austin's claim, and is not inadequate or ineffective simply because he is prevented from the using the remedy a second time to litigate or re-litigate this claim, or because the sentencing court originally granted some but not all of the relief requested. See Wilson v. Office of Chairperson, 892 F. Supp. 277, 280 (D.D.C. 1995) ("The determination of whether the remedy available to a prisoner under § 23-110 is inadequate or ineffective hinges on the same considerations enabling federal prisoners to seek habeas review: 28 U.S.C. § 2255 and D.C. Code § 23-110 are coextensive."). Cf. Cradle v. United States ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir. 2002) (section 2255 motion not inadequate or ineffective simply because petitioner failed previously to obtain collateral relief or is unable to meet stringent gatekeeping requirements for successive motions).

Austin appeals. Among other arguments we do not find persuasive, Austin has argued that an intervening change in the law has radically altered the legal landscape relative to his conviction. In an en banc decision issued a month after the District Court denied his motion for reconsideration, Wilson-Bey v. United States, 903 A.2d 818 (D.C. Ct. App. 2006), the District of Columbia Court of Appeals overruled the precedent on

4

which his remaining premeditated murder conviction is based. The court has now held that a conviction for first-degree premeditated murder on a theory of aiding and abetting requires the prosecution to prove that the accomplice acted with premeditation and deliberation and intent to kill. (Appellant's Informal Brief, at 13.) Therefore, Austin argues, the Superior Court erred in 1993, in the context of his original section 23-110 proceedings, when it denied his due process argument, because, in "curing" the double jeopardy violation, he was left with one conviction, premeditated murder, that was not properly argued to the jury and not supported by the evidence beyond a reasonable doubt. (Appellant's Informal Brief, at 18-19.)

We will affirm. The District Court properly concluded that federal courts lack jurisdiction to entertain the habeas corpus petition of a District of Columbia prisoner, absent a showing that his remedy pursuant to D.C. Code Ann. § 23-110 is "inadequate or ineffective to test the legality of" the detention. Swain v. Pressley, 430 U.S. 372, 381 (1977); D.C. Code Ann. § 23-110(g). Nevertheless, we acknowledge the potential seriousness of Austin's argument that an intervening change in the law has undermined the basis for his only remaining conviction. However, even assuming that the Wilson-Bey decision applies to his case such that the absence of a remedy would work an injustice, we do not believe that it is necessary for him to resort to habeas corpus, see In re: Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). We do not agree that Austin has no remedies in the District of Columbia courts. His argument that D.C. Code § 23-110 is inadequate or ineffective is based on an assumption that successive motions of the kind he

5

would need to bring are prohibited, just as they would be under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and 28 U.S.C. § 2255.

Such is not the case, however, in the District of Columbia. In rejecting the appellant's contention that his habeas corpus petition had been improperly converted to a motion to vacate sentence under D.C. Code § 23-110, the District of Columbia Court of Appeals recently noted in Graham v. United States, 895 A.2d 305 (D.C. Ct. App. 2006), that AEDPA's gatekeeping requirements "apply only to motions filed under section 2255 and not to motions under our local statute, D.C. Code § 23-110 . As the government explains in its brief, 'AEDPA applies to successive motions filed pursuant to the federal statute,' whereas section 23-110 'does not contain such stringent statutory requirements that limit a prisoner's ability to bring a second or successive motion ....'" Id. at 306.

The en banc 2006 Wilson-Bey decision, in that it overruled existing precedent, is a significant change in the intervening law. A section 23-110 motion is successive under section 23-110(e) only when it raises claims that are similar or identical to those raised and denied on the merits in a prior motion, see Bradley v. United States, 881 A.2d 640, 645 (D.C. Ct. App. 2005), cert. denied, 126 S. Ct. 1319 (U.S. 2006). New claims may be raised as permitted by the more generous abuse of the writ doctrine, id. at 646. See also McCleskey v. Zant, 499 U.S. 467, 493-94 (1991). Accordingly, like the District Court, we find no extraordinary basis for asserting habeas corpus jurisdiction.[2] Our decision is

---

[2] Austin also argues that he cannot obtain relief from the Superior Court on the basis of Wilson-Bey, because that court would be bound by the decision in Byrd, 500 A.2d 1376,

6

without prejudice to any second motion to vacate sentence under D.C. Code § 23-110 Austin may file in the District of Columbia Superior Court, raising the same grounds for relief that were raised in his habeas corpus petition and Informal Brief.

We will affirm the orders of the District Court denying the habeas petition and motion for reconsideration.

---

that, for double jeopardy purposes, a defendant may be convicted of first-degree premeditated murder and felony-murder of a single victim if the court imposes concurrent sentences. (Appellant's Informal Brief, at 21-22.) This argument is specious. As an inferior court, the District of Columbia Superior Court is bound by Wilson-Bey, and if Wilson-Bey conflicts in any way with Byrd, the Superior Court is equipped to address that problem.