[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11858
Non-Argument Calendar
_____

D.C. Docket No. 5:19-cv-00582-VMC-PRL


JOSEPH A. BROWN,

Petitioner-Appellant,

versus

WARDEN FCC COLEMAN - USP I,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 6, 2021)

Before MARTIN, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

Joseph A. Brown, a federal prisoner serving a sentence imposed by the District of Columbia ("D.C.") Superior Court, appeals the district court's sua sponte dismissal of his pro se 28 U.S.C. § 2241 habeas petition for lack of jurisdiction.  He is currently serving his sentence at the United States Penitentiary, Coleman I in the Middle District of Florida.  After careful consideration, we affirm.

## I.

We begin by discussing D.C. Code § 23-110(g), the statute on which the district court based its decision, before setting out the factual and procedural background of Brown's current petition.

### A. D.C. Code § 23-110(g)

Prisoners who are convicted and sentenced by the D.C. Superior Court may seek collateral review pursuant to D.C. Code § 23-110, which is comparable to review authorized by 28 U.S.C. § 2255.  See Swain v. Pressley, 430 U.S. 372, 375–78, 97 S. Ct. 1224, 1226–28 (1977) (explaining how the procedure under § 23-110(g) is comparable to that under § 2255); Alston v. United States, 590 A.2d 511, 513 (D.C. 1991) (explaining operation of § 23-110(g)).  Under § 23-110(g), federal courts are without jurisdiction to entertain collateral challenges to a conviction or sentence imposed by the D.C. Superior Court unless the prisoner has shown that the remedy under § 23-110 is "inadequate or ineffective to test the

legality of his detention." D.C. Code § 23-110(g); accord Swain, 430 U.S. at 377–78 & n.10, 97 S. Ct. at 1227–28 & n.10; Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C. Cir. 1998) (stating that this provision is a "safety-valve"). However, § 23-110(g) does not bar federal court review of a 28 U.S.C. § 2241 petition challenging the execution, as opposed to the legality, of the prisoner's sentence. Blair-Bey, 151 F.3d at 1043; Alston, 590 A.2d at 514.

B. Factual and Procedural Background

In 1998, Brown was sentenced to life imprisonment by the D.C. Superior Court. Since then, Brown has filed three petitions under § 2241 raising similar claims. First, in June 2018, Brown filed a pro se § 2241 petition stating he was "[c]hallenging [his] conditions of confinement" and seeking "placement in [a] mental hospital." Brown amended his petition twice, and neither amended petition contained a request for transfer to a mental hospital. Instead, they challenged his custody and resentencing as unlawful. The district court dismissed Brown's second amended § 2241 petition without prejudice.

Brown then filed another pro se § 2241 petition in April 2019, again challenging his custody and resentencing as unlawful. The district court dismissed this second § 2241 petition without prejudice.

Brown filed the present pro se § 2241 petition in November 2019. In his petition, he stated he was "challenging unlawful & illegal custody by Warden."

3

His petition says the remedy under § 23-110(g) is inadequate or ineffective because he is "not challenging the conviction or sentence imposed by [the] D.C. Superior Court" but instead he is "challenging the unlawful and illegal custody by the warden[.]"  Brown explained that he was challenging his "unlawful and illegal custody" based on the medical opinion of Dr. A.A. Howsepian, a physician, who classified him as legally insane in 2009.  In the "Request for Relief" section, Brown stated that he wanted "relief from unlawful and illegal custody."  Also in support of his petition, Brown attached Dr. Howsepian's medical opinion, which opined that Brown was legally insane in 2009.

The district court sua sponte dismissed Brown's petition.  The court construed Brown's argument to be that he was illegally in custody because he had been deemed legally insane in 2009 and found that Brown had raised the same argument in a previous § 2241 petition, which had also been dismissed.  The district court noted that, as a D.C. prisoner, Brown could bring a petition under 28 U.S.C. § 2241 only if he could demonstrate that the "savings clause" in D.C. Code § 23-110(g) applied.  And, according to the district court, Brown had not demonstrated that § 23-110(g)'s savings clause applied because he had not shown that § 23-110 was inadequate to test the legality of his detention.  The court further explained that, under McCarthan v. Director of Goodwill Industries-Suncoast, Inc., 851 F.3d 1076, 1092–93 (11th Cir. 2017) (en banc), 28 U.S.C. § 2241 is not

4

available to challenge the validity of a sentence except on three narrow grounds: (1) a challenge to the execution of a prisoner's sentence; (2) the prisoner's sentencing court was unavailable or had been dissolved; or (3) practical considerations prevented a prisoner from filing a motion to vacate.

The district court ultimately concluded Brown was not entitled to pursue relief under § 2241 and therefore found that the court lacked subject matter jurisdiction over Brown's claims. The district court therefore dismissed Brown's case with prejudice.

Brown timely appealed. This Court granted Brown a certificate of appealability on the issue of "[w]hether the district court erred in determining that it lacked jurisdiction over Brown's 28 U.S.C. § 2241 petition, based on the 'savings clause' in D.C. Code § 23-110(g)," and appointed him counsel.

## II.

We review de novo a district court's dismissal of a habeas petition for lack of jurisdiction. Howard v. Warden, 776 F.3d 772, 775 (11th Cir. 2015). The availability of relief under 28 U.S.C. § 2241 is also reviewed de novo. Dohrmann v. United States, 442 F.3d 1279, 1280 (11th Cir. 2006). Pro se filings are construed liberally. Winthrop-Redin v. United States, 767 F.3d 1210, 1215 (11th Cir. 2014). Even so, a pro se pleading must suggest that there is some factual

support for a claim. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015).

**III.**

On appeal, Brown argues—now through counsel—that his 28 U.S.C. § 2241 petition should not have been dismissed for lack of jurisdiction because it did not challenge his conviction or sentence. Brown says that because he is not challenging his conviction or sentence, there was no need to explain why D.C. Code § 23-110(g) was inadequate to test the legality of his detention. According to Brown, his petition was "implicitly seeking alternative living arrangements to deal with his mental health issues," which is a challenge to the execution of his sentence, and therefore properly brought under § 2241.

We are unable to agree. Even construing his petition liberally, Brown did not request a transfer to a mental hospital or similar relief to deal with his mental health issues. Unlike his initial petition in 2018, in which Brown expressly sought "placement in mental hospital," the petition currently on appeal omitted that claim and instead simply challenged his "unlawful & illegal custody." Given that Brown expressly made this claim in a prior proceeding but left it out of his current petition, we do not think the district court erred by not finding that Brown was implicitly seeking that relief.

6

Brown has failed to show that § 23-110(g) is an inadequate remedy and the district court therefore correctly dismissed his § 2241 petition for lack of jurisdiction.

**AFFIRMED.**