Michael H. HRYNKO and
Edward G. Booz

v.

Curtis CRAWFORD, Regional Director, N. E. Region U. S. Board of Parole, and Maurice H. Sigler, Chairman U. S. Board of Parole, et al.

Civ. A. No. 75–582.

United States District Court, E. D. Pennsylvania.

Oct. 28, 1975.

Michael H. Hrynko, Edward G. Booz, pro se.

Robert E. J. Curran, U. S. Atty., William McGettigan, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

## OPINION

FOGEL, District Judge.

Before us is defendants' motion in the alternative either for dismissal of plaintiffs' complaint or for summary judgment. Plaintiffs, two federal prison inmates, sued defendants, the Chairman and the Regional Director of the United States Board of Parole, after it was discovered that the tape recordings of the plaintiffs' respective parole hearings were defective and inaudible. Suit was brought under the Freedom of Information Act, 5 U.S.C. § 552, and the fifth amendment to the Constitution; each plaintiff seeks damages in the amount of one hundred dollars per day, trebled as a punitive measure, from the dates the original records were recorded until "such time as the records are amended to be in accordance with the law, or until the records, in any form, cease to be or have any further harmful or injurious effects upon the plaintiffs."[1]

Defendants admit that the records were defective, but they allege that they have provided a satisfactory alternative, the Hearing Summary Form.[2] Further, they argue that plaintiffs have no right to the recordings, either under the Free-

dom of Information Act, or under any Constitutional claim. Accordingly, they move that the action be dismissed, or that summary judgment be granted in their favor. We agree, for the reasons hereinafter set forth, that summary judgment be granted in favor of defendants. The basis for this decision is as follows:

## I. THE FREEDOM OF INFORMATION ACT

Section 552 of Title 5, United States Code, popularly known as the Freedom of Information Act (FOIA), is a legislative directive to federal agencies to make certain information available to the public. An "agency" is defined in 5 U.S.C. § 551(1), for purposes of § 552 to be:

. . . each authority of the Government of the United States, whether or not it is within or subject to review by another agency, but does not include—

(A) the Congress;

(B) the courts of the United States;

(C) the governments of the territories or possessions of the United States;

(D) the government of the District of Columbia . . . .

The United States Board of Parole is a creature of statute (chapter 311 of Title 18, United States Code (18 U.S.C. § 4201 *et seq.*)). As part of the Department of Justice, it is an agency within the reach of the provisions of the Administrative Procedure Act, 5 U.S.C. § 551 *et seq. See Pickus v. United States Board of Parole*, 165 U.S.App.D.C. 284, 507 F.2d 1107 (1974).

Each government unit subject to the FOIA is directed to do the following:

. . . each agency, on request for identifiable records made in accordance with published rules stating the

1. Complaint at 3.

2. The Hearing Summary Form is prepared by one of the examiners in attendance at the hearing; it represents a summary of the pro-

ceedings, and is the basis for the Board's review of a prisoner's parole application.

time, place, fees to the extent authorized by statute, and procedure to be followed, shall make the records promptly available to any person.

5 U.S.C. § 552(a)(3). The enforcement of this provision rests with the district courts:

> On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

5 U.S.C. § 552(a)(3). The standards to be applied and the punitive powers of the court are also defined:

> In such a case the court shall determine the matter de novo and the burden is on the agency to sustain its action. In the event of noncompliance with the order of the court, the district court may punish for contempt the responsible employee, and in the case of a uniformed service, the responsible member.

5 U.S.C. § 552(a)(3).

■ We have reviewed the papers and pleadings filed in this case, and we are satisfied that the agency has carried its burden of showing (1) that no records are being withheld, improperly or otherwise, and (2) that in any event, the remedies permitted under the FOIA are inappropriate.

First, it is undisputed that audible tapes of the parole board hearings are unavailable, and that they cannot be produced from the defective recordings which do exist. Affidavits filed on behalf of defendants state that the recording machines used in the hearings, a Gray "Audograph" for Mr. Hrynko, and a Gray "Dictator" for Mr. Booz, were not operating properly, for reasons now unknown to them. Further, defendants state that even regular maintenance of the equipment could not remedy all of the difficulties. When the Parole Board found that performance of the machines was far below expectations, arrangements were made to replace all of the Gray machines. The determination of the necessity to make this change occurred after the hearings given these two plaintiffs.

Random samples taken from belts or disks produced on the older machines have established defects on more than eighty percent of the recordings. Plaintiffs apparently agree that these figures are representative, because plaintiffs' reply in opposition to the government's motion alleges a breach of the duty to make audible recordings, and does not refute the facts stated in defendants' affidavits. *See* Rule 56 of the Federal Rules of Civil Procedure (FRCP).

Thus, it is clear that there is no dispute as to one highly material fact—that the recordings in question in this case are completely beyond the usable reach of all parties. While this is unfortunate, it is clear that plaintiffs are not the only persons in this position. It is also clear, as noted, *infra,* that there is no evidence of deliberate action to thwart plaintiffs' rights. Based upon the record, we cannot and will not enter an order relating to production of the recordings. Any other conclusion would be an exercise in futility.

The government, however, has represented that there exists another category of records of parole proceedings— Parole Form H–1, the Hearing Summary Form. The hearing examiners in attendance routinely record the information adduced at the hearing on this document, and the completed form serves as the basis for the Parole Board's review of the hearing panel's tentative determination.[3] Hearing Summary Forms have now been sent to each plaintiff by the government. As to those records,

---

3. Affidavits of James C. Neagles and James A. Fife.

plaintiffs have all that are in existence, and thus there is no basis for any order of this Court relating to their production.

Plaintiffs did make a veiled reference, in the demand for relief filed as part of the Complaint, that the voice records were

> intentionally and willfully recorded in a manner to be in violation of the laws of the United States.[4]

■ We question the relevancy of allegations of willful and deliberate defective recording in a suit under the FOIA, which relates, as it does, to production of records *which do exist*, but are being withheld improperly. However, we do not have such a situation in this case, since *nothing was alleged in the body of the complaint charging* willful or deliberate defective recording, and no facts were presented to support a cause of action based upon such allegations, even if the complaint were construed to include them. We are mindful that the pleadings in a pro se case should be viewed sympathetically. *Beard v. Stephens*, 372 F.2d 685, 689 (5th Cir. 1967). But the bold comment in the prayer of intentional misoperation without more is not supportable, particularly in view of the uncontradicted government affidavits to the contrary. These affidavits were not responded to by plaintiffs, nor, as noted, did plaintiffs otherwise challenge the facts set forth in them. Defendants' affidavits clearly state that the technical problems with the machines were responsible for the defective records. Rule 56(e) of the FRCP provides in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if

appropriate, shall be entered against him.

Hence, we conclude, in accordance with the provisions of Rule 56, that there is no dispute with respect to defendants' characterization of the cause of the defective recordings—technical problems with the machines which were unknown to defendants and which, in turn, render these recordings unintelligible. Thus, since the tapes cannot realistically be produced, summary judgment is warranted as to this portion of the cause of action based upon the FOIA.

## II. FIFTH AMENDMENT CLAIMS

One remaining allegation should be disposed of. Plaintiffs alleged a fifth amendment "right to due process" in paragraph 9 of the complaint. Defendants have moved for dismissal of this claim on the grounds that due process does not require a verbatim record of proceedings at parole application hearings. Plaintiffs replied that they were not alleging a violation of due process rights in connection with the conduct of the hearing, or as to the denial of parole; rather, they claim that without a transcript they have no *access* to the courts with respect to either the conduct of the hearing or the denial of parole.

■ It is clear that plaintiffs have no valid objection to the conduct of the hearing or to the denial of parole, because there is no constitutional right to a verbatim record of a hearing of that nature. The standards set by the Supreme Court in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) call for a written statement by the factfinders of the evidence relied upon by them and the reasons for revoking parole. Some courts have taken the position that the standards set by *Morrissey* must be accorded to applicants seeking parole. *See, e. g., United States ex rel. Johnson v. Chairman of New York State Board of Parole*, 500 F.2d 925 (2d Cir.), *vacated as moot*, 419 U.S. 1015, 95 S.Ct. 488, 42 L.Ed.2d 289 (1974). Other courts have held that

---

4. Pargaraph 1 of Request for Relief, on page 3 of the Complaint.

a lesser standard applies, since the loss occasioned by continued incarceration is less than the loss of liberty occasioned by revocation of parole. *See e. g.,* In re Sturm, 11 Cal.3d 258, 113 Cal.Rptr. 361, 521 P.2d 97 (1974) (en banc). We need not grapple with that issue. Under either standard, all that is required is a written statement of the evidence relied upon and reasons for the action taken. *See Childs v. United States Board of Parole,* 167 U.S.App.D.C. 268, 511 F.2d 1270 (1974). No case we know of requires verbatim transcripts.

Furthermore, one of the bases for the requirement of written reasons is to provide a record in the event of an appeal to the courts. *Childs, supra,* at 1283. We know of no requirement that a prisoner seeking to appeal from a denial of parole must produce a transcript of his hearing to gain access to the courts. Indeed, we are satisfied that a fair reading of *Morrissey* means that a summary of proceedings is a sufficient basis for an appeal. Thus, there is no basis for a claim that denial of a verbatim record of a parole board proceedings bars access to the courts.

■ If plaintiffs are claiming that they have been denied "effective" access to the courts, on the basis that, without a verbatim transcript, extraneous and subjective matter may creep into such reports, with the resultant disadvantage to them in prosecuting their claim on the basis of a record that does not faithfully reflect what actually occurred, *Morrissey, Childs* and the other cases dealing with the requirements of parole hearings provide the complete answer: these decisions uniformly stand for the general proposition that a written statement prepared in the manner in which these statements were prepared constitutes an adequate basis for the preparation and lodging of an appeal. This proposition does not exclude the right in petitioners to develop evidence in support of any allegations

they may have of improper action by Parole Board members or hearing examiners. In the absence of such evidence establishing a lack of integrity, however, the good faith and honesty of officials maintaining routine records in the regular course of conducting government business should be presumed.[5] In the record before us there is no factual basis, indeed, not a scintilla of evidence to establish any impropriety in the preparation of the summary or any act of bad faith or ill will on the part of the officials involved. Accordingly, no rights of plaintiffs have been violated.

Because we have relied upon the affidavits, we will rule upon defendants' motion as one for summary judgment. Rules 12(c) and 56 of the Federal Rules of Civil Procedure. An Order granting summary judgment in favor of defendants will issue accordingly.

---

5. *See* Rule 803(6) of the Federal Rules of Evidence, which relies explicitly on a presumption of good faith and credibility in the routine business records exception to the hearsay rule. *See* Advisory Committee Notes to Rule 803(6) of Federal Rules of Evidence.