**Christopher T. GLUMB,**
**Petitioner–Appellant,**

v.

**Robert HONSTED, Warden FCI, U.S.**
**Parole Commission,**
**Respondent–Appellee.**

**No. 89–3380**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Jan. 9, 1990.

Christopher T. Glumb, Miami, Fla., pro se.

Alan Burrow, U.S. Attorney's Office, Tallahassee, Fla., for respondent-appellee.

Before TJOFLAT, Chief Judge, KRAVITCH, Circuit Judge, and HILL, Senior Circuit Judge.

PER CURIAM:

Appellant, Christopher T. Glumb, appeals an order of the district court adopting a magistrate's report recommending the denial of his petition for a writ of habeas corpus. Glumb was sentenced to a term of imprisonment for the offense of counterfeiting on March 13, 1972, and later paroled. On July 30, 1985, while still on parole for the 1972 conviction, Glumb was sentenced for conspiracy to manufacture counterfeit federal reserve notes. On April 2, 1986, his parole was revoked. In February 1987, Glumb filed six habeas corpus petitions. After a series of appeals, his parole date was advanced six months. Glumb's terms of parole remained unchanged following his statutory interim hearing on March 28, 1988. The Parole Commission's decision was affirmed by the National Appeals Board on August 2, 1988.

■■ Glumb's present petition, brought under 28 U.S.C. § 2241, raises five grounds for relief. The magistrate below correctly held that three of these claims were barred by the successive writ rule because they had been previously litigated and adjudicated in Glumb's prior habeas proceedings.[1] *See* 28 U.S.C. § 2244(a). Likewise, petitioner's "new" claim regarding his failure to receive a five-year parole termination hearing constitutes an abuse of the writ because it could have been raised in the previous petitions. *Id.; see Kuhlmann v. Wilson*, 477 U.S. 436, 444 n. 6, 106 S.Ct. 2616, 2622 n. 6, 91 L.Ed.2d 364 (1986); *Sanders v. United States*, 373 U.S. 1, 10, 83 S.Ct. 1068, 1074, 10 L.Ed.2d 148 (1963); *Allen v. Newsome*, 795 F.2d 934, 936–39 (11th Cir. 1986). The ends of justice do not warrant excusing this abuse.

The petitioner's final ground for habeas relief is that his due process rights were violated because the National Appeals Board affirmed the Parole Commission's decision despite the fact that the tape recording of the 1988 Commission's hearing was declared inaudible. Glumb contends that without a clear recording of the proceedings, neither the Appeals Board nor the courts have a proper basis for reviewing the factual findings made by the Commission and giving his appeal fair consideration.

■■ Petitioner errs in assuming that a parole revocation hearing requires the same panoply of rights due defendants in a criminal prosecution. *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). Parole is not a right, but an expectation that may be granted by the Commission. *See Hewitt v. Helms*, 459 U.S. 460, 467, 103 S.Ct. 864, 869, 74 L.Ed.2d 675 (1983); *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103, 60 L.Ed.2d 668 (1979). A federal court will not reverse a decision of the Commission unless it involves flagrant, unwarranted, or unauthorized action that constitutes an abuse of the Commission's discretion. *Whitehead v. United States Parole Commission*, 755 F.2d 1536, 1537 (11th Cir.1985).

■■ A defective hearing tape is not a fatal flaw in a parole revocation proceeding. *Baker v. Wainwright*, 527 F.2d 372, 378 n. 23 (5th Cir.1976);[2] *Hrynko v. Crawford*, 402 F.Supp. 1083, 1085 (E.D.Pa.1975). The Supreme Court requires that factfinders provide a written statement of the evidence that they relied upon as well as the reasons for revoking parole. *Morrissey*, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600. The hearing summary prepared by the examin-

---

1. Glumb was expressly warned by the trial judge, during the adjudication of his previous habeas petitions, of the successive petition rule and the abuse of the writ doctrine. Glumb's attempt to distinguish the prior litigation by contending that the present petition involves the March 1988 hearing rather than the April 1986 hearing is meritless. The underlying issues are identical and the present petition merely in-

volves an attack on the same issues adjudicated in the prior proceeding.

2. In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.

ers satisfies this requirement and provides a sufficient record for a review of the proceedings. *Hrynko,* 402 F.Supp. at 1087. We know of no federal decision requiring a verbatim transcript of parole revocation proceedings. *See id.* at 1086–87. Although under some circumstances the absence of a tape may create sufficient prejudice to justify a new revocation hearing,[3] petitioner has failed to carry his burden of making such a showing. The judgment of the court below is, therefore, AFFIRMED.

---

**3.** A new hearing might be warranted if the appellant made a nonfrivilous claim attacking the conduct of the hearing examiner and bringing into question the accuracy of the hearing summary. Alternatively, a new hearing might be required if there was a significant factual dispute raised on appeal that was not addressed in the hearing summary and could only be resolved through a recording of the hearing. *See,* *e.g., Thompson v. Burke,* 556 F.2d 231, 235, 239 (3rd Cir.1977) (ambiguity in record and absence of written statement by factfinder warrants remand to produce more adequate record of hearing); *Baker,* 527 F.2d at 375–76, 378–79 (incomplete recording of hearing in conjunction with other defects warrants new parole revocation proceedings).