956 F.2d 270
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Buckley OTTO, Petitioner-Appellant,
v.
John GLUCH; United States Parole Commission, Respondents-Appellees.
 No. 91-2191.
 United States Court of Appeals, Sixth Circuit.
 Feb. 25, 1992.
 
 Before KEITH and SILER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Buckley Otto appeals the district court's judgment denying his petition for a writ of habeas corpus and mandamus filed pursuant to 28 U.S.C. §§ 2241, 1361, and 1651. Buckley is serving a twenty year sentence following his jury conviction for bank robbery in violation of 18 U.S.C. § 2113(a), using a dangerous weapon during a bank robbery in violation of 18 U.S.C. § 2113(d), kidnapping during a bank robbery in violation of 18 U.S.C. § 2113(e) and conspiracy in violation of 18 U.S.C. § 371.
 
 
 3
 Otto claimed that the United States Parole Commission (Commission) improperly denied him a two point credit under Item C in determining his salient factor score for parole eligibility consideration. He sought a writ of mandamus from the court to overturn the Commission's factual finding that his salient factor score was correctly computed.
 
 
 4
 The district court declined to grant relief, deciding that the Commission correctly computed his score. See Farkas v. United States, 744 F.2d 37, 38 (6th Cir.1984). On appeal, Otto argues that the district court erred in refusing to issue a writ of mandamus.
 
 
 5
 Otto's only claim raised in this appeal is that he must be issued a writ of mandamus. His habeas corpus claims are thus considered abandoned and are not reviewed. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 6
 The district court's judgment dismissing Otto's petition for a writ of mandamus is affirmed, but for reasons other than those stated by that court. See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam).
 
 
 7
 The petition is a successive motion because the issue raised in this petition could have been raised in Otto's previous 28 U.S.C. § 2241 petition which was denied and which denial was subsequently affirmed by this court. See Otto v. Gluch, unpublished order, No. 90-1639 (6th Cir. Feb. 6, 1991). See Sanders v. United States, 373 U.S. 1, 15 (1963); Glumb v. Honsted, 891 F.2d 872, 873 (11th Cir.1990); Allen v. Newsome, 795 F.2d 934, 936-39 (11th Cir.1986). The ends of justice do not warrant making an exception in this case because Otto has not made a colorable showing of entitlement to relief. See Kuhlmann v. Wilson, 477 U.S. 436, 444 n. 6 (1986).
 
 
 8
 For these reasons, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.