[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 31, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14040
Non-Argument Calendar
_____

D. C. Docket No. 06-00948-CV-TWT-1

MICHAEL A. BAYNES,

Petitioner-Appellant,

versus

MICHAEL A. ZENK,
Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 31, 2007)**

Before ANDERSON, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Michael A. Baynes appeals the district court's dismissal of his 28 U.S.C. § 2241 petition. Baynes argues that the district court dismissed his petition on the basis of res judicata and that this is not a proper basis to dismiss a habeas corpus petition.

The availability of habeas relief under § 2241 presents a question of law that we review de novo. Darby v. Hawk-Sawyer, 405 F.3d 942, 944 (11th Cir. 2005). Res judicata does not apply to habeas petitions. Schlup v. Delo, 513 U.S. 298, 317-19, 115 S.Ct. 851, 862-63, 130 L.Ed.2d 808 (1995) ("This Court has consistently relied on the equitable nature of habeas corpus to preclude application of strict rules of res judicata."); see also Potts v. Zant, 638 F.2d 727, 738 (11th Cir. 1981) (same). However, claims brought pursuant to successive § 2241 petitions may be barred by the successive writ rule from 28 U.S.C. § 2244(a). Glumb v. Honsted, 891 F.2d 872, 873 (11th Cir. 1990). Under § 2244(a),

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

In this case, although Baynes is correct that strict rules of res judicata do not apply to habeas petitions, the district court adopted the reasoning of the magistrate judge, who correctly recommended dismissing the petition as successive under

2

28 U.S.C. § 2244(a). Because it was not error to dismiss a petition under § 2244(a), the district court did not err merely by dismissing the petition on this basis. See Glumb, 891 F.2d 872; see also Felker v. Turpin, 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (holding that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") allowed for modified principles of res judicata to the analysis of habeas petitions). It was proper to dismiss Baynes's petition on this basis because he asserts the same claims addressed by the district court in a previously filed § 2241 petition. Accordingly, we affirm the district court's dismissal of Baynes's petition under § 2244(a).

**AFFIRMED.**