[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-15696
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 13, 2010
JOHN LEY
CLERK

D. C. Docket Nos. 09-00200-CV-OC-10-GRJ

CURTIS LEE WATSON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

No. 09-15697
Non-Argument Calendar
_____

D. C. Docket No. 09-00112-CV-OC-10-GRJ

CURTIS LEE WATSON,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN - USP-1,

Respondent-Appellee.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(August 13, 2010)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Curtis Lee Watson is a federal prisoner under a criminal sentence imposed by the Superior Court for the District of Columbia. Watson pro se appeals the district court's dismissal with prejudice of his two habeas corpus petitions, filed pursuant to 28 U.S.C. § 2241. The district court's dismissal orders found Watson's § 2241 petitions were "frivolous, successive and an abuse of the writ" because the district court "repeatedly has advised Petitioner that there is no jurisdiction to entertain his Petitions unless Petitioner can show that his local remedies are inadequate and ineffective to test the legality of his detention." The district court cited the jurisdiction-stripping provision in D.C. Code § 23-110(g). After review, we vacate and remand for further proceedings consistent with this opinion.

# I. BACKGROUND

Before discussing Watson's § 2241 petitions, it is helpful to set forth his convictions and the D.C. Code § 23-110(g) relied upon by the district court.

## A. Convictions and Sentences

In 1978 in the D.C. Superior Court, Watson was convicted of first degree murder and carrying a pistol without a license, for which he was sentenced to a mandatory-minimum 20-year term, and two counts of assault with the intent to kill, for which he was sentenced to two consecutive five-year terms, for a total thirty-year sentence. Watson began serving his sentence in D.C.'s Lorton Correctional Facility ("Lorton"). In 1988, Watson pled guilty to a charge of escape and was given a five-year sentence. In 2001, D.C.'s Lorton prison was closed, and Watson was transferred to the custody of the Bureau of Federal Prisons ("BOP"). Watson is currently housed at Federal Correctional Complex ("FCC") Coleman in the Middle District of Florida. Watson claims he has completed his thirty-year D.C. sentence and should be released.

## B. D.C. Code § 23-110(g)

Prisoners who are convicted and sentenced by the D.C. Superior Court may seek collateral review pursuant to D.C. Code § 23-110, which is comparable to the review authorized by 28 U.S.C. § 2255. See Swain v. Pressley, 430 U.S. 372, 375-

3

78, 97 S. Ct. 1224, 1226-28 (1977); <u>Alston v. United States</u>, 590 A.2d 511, 513

(D.C. 1991).[1] Under § 23-110(g), federal courts are without jurisdiction to

entertain collateral challenges to a conviction or sentence imposed by the D.C.

Superior Court unless the prisoner has shown that the remedy under § 23-110 is

"inadequate or ineffective to test the legality of the detention." D.C. Code § 23-

110(g); <u>accord</u> <u>Swain</u>, 430 U.S. at 377-78 & n.10, 97 S. Ct. at 1227-28 & n.10;

<u>Blair-Bey v. Quick</u>, 151 F.3d 1036, 1042 (D.C. Cir. 1998) (stating that this

provision is a "safety-valve"). However, § 23-110(g) does not bar federal court

review of a 28 U.S.C. § 2241 petition challenging the length, as opposed to the

legality, of the prisoner's sentence. <u>Blair-Bey</u>, 151 F.3d at 1043; <u>Alston</u>, 590 A.2d

at 514.

## C.    Six Prior § 2241 Petitions Challenging BOP's Calculations

---

[1]Section 23-110 states in relevant part:
(a) A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.
. . . .
(g) An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
D.C. Code § 23-110(a), (g).

Between 2003 and 2008, Watson filed six § 2241 petitions challenging the BOP's calculation of his sentence upon transfer to FCC Coleman and the determination of his parole eligibility date. These six § 2241 petitions challenging the BOP's calculations were dismissed as follows: (1) a 2003 petition dismissed without prejudice for failure to exhaust administrative remedies with the BOP; (2) two 2004 petitions dismissed with prejudice on the grounds that the issues presented would be determined pending the district court's resolution of the 2003 petition; (3) a 2004 petition dismissed without prejudice for failure to prosecute; (4) a 2005 petition dismissed without prejudice because Watson still had not fully exhausted his administrative remedies with the BOP; and (5) a 2008 petition dismissed without prejudice for failure to pay the filing fee. The merits of Watson's challenge to the BOP's calculations were never addressed in the district court's first six dismissals.

## D. Seventh § 2241 Petition Challenging Escape Conviction

In 2008, Watson filed a seventh § 2241 petition that touched on his parole eligibility. However, the gravamen of this claim related to Watson's 1988 conviction for escape while housed at Lorton. Watson claimed he was innocent of the escape charge and was set up because, while a trustee at Lorton, he refused to go along with a scheme to bring drugs into the prison. Watson alleged that he was

5

not advised at the time he pled guilty to the escape charge that it would affect his parole eligibility date.

The district court dismissed this seventh § 2241 petition as frivolous, successive and an abuse of the writ. The district court noted that Watson had filed twelve cases since 2001 "most of which have pertained to the same conviction and sentence." The district court cited three prior cases in which Watson challenged the constitutionality of his murder conviction on the ground that he was not presented with an indictment. These three earlier cases had been dismissed with prejudice as improper attacks on the validity of Watson's conviction and sentence.[2] In dismissing the seventh § 2241 petition, the district court stated that it did not have jurisdiction to entertain the petition unless Watson showed that his "local remedies were inadequate or ineffective to test the legality of his detention" and cited D.C. Code § 23-110(g). Watson's seventh petition did not challenge the BOP's calculation of his parole eligibility and release dates.

E.      Two § 2241 Petitions on Appeal

In 2009, Watson filed the two § 2241 petitions at issue in this appeal. In

---

[2]In the first of these prior cases, the district court dismissed Watson's § 2241 petition with prejudice as an improper attack on the legality of his conviction and sentence. The district court noted that Watson had not alleged or established that his local remedies were inadequate or ineffective. In the second cited case, the district court dismissed the petition with prejudice as frivolous, successive and an abuse of the writ. The third cited case, the district court dismissed with prejudice Watson's petition for a writ of error coram nobis.

these § 2241 petitions, Watson alleged that the BOP had miscalculated his release date and parole eligibility when he was transferred to federal custody.[3]  According to Watson, the BOP's calculations violated BOP Program Statement 5880.32, which governs the computation of sentences for D.C. inmates.  Watson attached a copy of a motion for a corrected "face sheet," dated August 10, 2008, which he said he had filed with the D.C. Superior Court, but for which he had received no response.  Watson contended he had exhausted his administrative appeals and attached a copy of an administrative remedy report indicating that Watson had filed multiple administrative claims that his parole eligibility date and thirty-year prison term are incorrectly calculated.

Prior to service on and response from the government, the district court dismissed Watson's § 2241 petitions with prejudice.  The district court stated that Watson repeatedly had been advised that the district court lacked jurisdiction absent a showing that the remedies afforded by D.C. Code § 23-110 were inadequate or ineffective to test the legality of Watson's detention.  The district court identified the same three prior cases in which Watson challenged the

---

[3]Watson filed these two § 2241 petitions within a few days of each other, one in the Middle District of Florida and the other in the U.S. District Court for the District of Columbia. The latter was then transferred to the Middle District of Florida.  Both § 2241 petitions generally alleged that the BOP had miscalculated Watson's parole eligibility and release dates in violation of BOP policy.

7

constitutionality of his murder conviction. However, as pointed out above, Watson did not challenge the BOP's calculation of his release and parole eligibility dates in these three prior cases. Watson filed this consolidated appeal.

## II. DISCUSSION

Because the assessment of jurisdiction lies at the heart of the district court's conclusion that Watson's current § 2241 petitions were frivolous, successive and an abuse of the writ, we first address whether the district court lacked jurisdiction to entertain Watson's § 2241 claims.[4] Watson's current § 2241 petitions do not challenge the legality of his convictions or sentence. Rather, Watson claims that his release and parole eligibility dates were miscalculated. Thus, Watson's claims go to the duration of his sentence, not to the validity of his conviction or sentence. As such, Watson's claims are cognizable under § 2241. See Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841 (1973) (stating that habeas corpus is the sole remedy available to prisoners challenging the duration of confinement and demanding immediate release); Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008) ("[C]hallenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241").

We also conclude that D.C. Code § 23-110(g) does not bar a federal court

___

[4]"The availability of habeas relief under 28 U.S.C. § 2241 is a question of law" reviewed de novo. Dohrmann v. United States, 442 F.3d 1279, 1280 (11th Cir. 2006).

from reviewing Watson's BOP calculation claims. Section 23-110(g) bars federal review of only those claims that could have been raised through § 23-110(a). Section 23-110(a) provides D.C. inmates with an avenue to challenge their convictions and sentence, much like 28 U.S.C. § 2255 does for federal inmates. Since Watson's current BOP calculation claims do not challenge his conviction or sentence, they could not have been brought under § 23-110(a). See Blair-Bey, 151 F.3d at 1043 (concluding that D.C. inmate's challenge to the procedures for determining parole was a claim that could not have been brought under D.C. Code § 23-110(a) and thus not barred from federal court review by § 23-110(g)); Alston, 590 A.2d at 514 ("Whatever their legal merit, these contentions, like claims by other prisoners challenging the computation of a sentence, may not be raised under § 23-110" and "must be raised in a habeas corpus petition . . ."). Therefore, to the extent the district court's frivolity determination was based on a lack of jurisdiction, the district court's conclusion was erroneous.

Furthermore, Watson's § 2241 petitions were not successive. For a § 2241 petition to be barred as successive under 28 U.S.C. § 2244(a), the same claims must have been raised and adjudicated on the merits in the petitioner's prior habeas proceedings. Kuhlmann v. Wilson, 477 U.S. 436, 444 n.6, 106 S. Ct. 2616, 2622 n.6 (1986) (plurality opinion); Antonelli, 542 F.3d at 1352; Glumb v. Honsted, 891

9

F.2d 872, 873 (11th Cir. 1990). The district court's rulings on Watson's six prior §

2241 petitions challenging the calculation of his parole eligibility and release dates

were not adjudications on the merits. See Stewart v. Martinez-Villareal, 523 U.S.

637, 643-45, 118 S. Ct. 1618, 1621-22 (1998) (explaining that a second § 2254

habeas petition is not successive under § 2244(b) if the first § 2254 petition was

dismissed as premature or for failure to exhaust because such dismissals are not

adjudications on the merits); Walker v. Crosby, 341 F.3d 1240, 1245 n.4 (11th Cir.

2003) (noting that a subsequent § 2254 petition was not successive when the first

petition was dismissed without prejudice for failure to exhaust state remedies).

Watson's seventh § 2241 petition, pertaining to his escape conviction, raised a

different claim.[5]

Finally, Watson's § 2241 petitions were not properly dismissed as an abuse

of the writ. Under the abuse-of-the-writ doctrine, a federal court may dismiss a

subsequent petition when " a prisoner files a petition raising grounds that were

available but not relied upon in a prior petition, or engages in other conduct that

disentitles him to the relief he seeks." Kuhlmann, 477 U.S. at 444, n. 6, 106 S. Ct.

---

[5]On this record, it is unclear what effect Watson's escape conviction had on the BOP's computations. We do not address that issue. Whether and to what extent Watson's sentence for the escape conviction properly affected the BOP's computation of Watson's parole eligibility and release dates is for the district court to address in the first instance should it reach the merits of Watson's claims.

10

2622 n.6 (quotation marks and alteration omitted). Initially, "the government bears the burden of pleading abuse of the writ," by "not[ing] petitioner's prior writ history, identif[ying] the claims that appear for the first time, and alleg[ing] that petitioner has abused the writ." McCleskey v. Zant, 499 U.S. 467, 494-95, 111 S. Ct. 1454, 1470 (1991). If the government satisfies its pleading burden, the burden shifts to the petitioner to disprove abuse by showing cause for his failure to raise the claim earlier and prejudice. Id. Here, the government has not yet had an opportunity to respond to Watson's petition, much less plead abuse of the writ, and Watson has not had a chance to show cause or prejudice. Therefore, dismissal for abuse of the writ was not warranted.

On appeal, the government asks this Court to affirm the district court's ruling because Watson has not exhausted his administrative remedies with the BOP. The district court did not consider whether Watson exhausted the BOP's administrative remedy process. Watson submitted documents showing that he has filed administrative claims as to the BOP's calculation of his parole eligibility and release dates. But, the government points out that a document attached to Watson's appeal brief indicates that his administrative appeal was denied on September 3, 2009, after he filed the instant § 2241 petitions. However, this kind of fact-intensive inquiry is properly directed to the district court in the first

11

instance.  See <u>Primera Iglesia Bautista Hispana of Boca Raton, Inc. v. Broward</u> <u>Cnty.</u>, 450 F.3d 1295, 1306-07 (11th Cir. 2006).

Accordingly, we vacate the district court's dismissal of these two § 2241 petitions and remand for the district court to allow both parties to brief the government's exhaustion claims and for further proceedings consistent with this opinion.

**VACATED and REMANDED.**