Curtis Lee **WATSON**, Petitioner–Appellant,

v.

**FCC COLEMAN–USP I Warden,** Respondent–Appellee.

No. 15–10283

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

March 7, 2016.

Curtis Lee Watson, Bruceton Mills, WV, pro se.

Susan Hollis Rothstein–Youakim, Arthur Lee Bentley, III, U.S. Attorney's Office, Tampa, FL, Roberta Josephina Bodnar, U.S. Attorney's Office, Orlando, FL, for Respondent–Appellee.

Before HULL, MARCUS, and JORDAN, Circuit Judges.

PER CURIAM:

Curtis Watson appeals the district court's dismissal of his habeas corpus petition, filed pursuant to 28 U.S.C. § 2241. On appeal Mr. Watson reasserts the same three issues he raised in district court.

He argues that he is being held illegally because (1) the Bureau of Prison miscalculated his sentence; (2) the BOP lacks the authority to recalculate his sentence; and (3) his sentence violates the *ex post facto* clause of the United States Constitution.

Upon a review of the record and consideration of the parties' briefs, we affirm the district court's dismissal of Mr. Watson's § 2241 petition.

## I

In order to put the case before us in context we begin with a brief history of Mr. Watson's incarceration and litigation efforts. In 1978 Mr. Watson was convicted of numerous violent offenses in the Superior Court of Washington, D.C., and sentenced to a minimum of 30 years in prison to a maximum of life. Ten years later Mr. Watson escaped from custody, and he remained a fugitive until he was captured in 1995. He was convicted of escape, and sentenced to an additional year in prison that he would begin to serve upon the completion of his original sentence.

When Mr. Watson was originally convicted, the 1972 parole guidelines, made it possible for him to become eligible for parole after serving the minimum sentence imposed by the sentencing court. *See Daniel v. Fulwood,* 766 F.3d 57, 58–59 (D.C.Cir.2014) (internal citations omitted). At that time the D.C. parole board would weigh several factors, but there was no correlation between the weighing of the factors and a release date. *See Phillips v. Fulwood,* 616 F.3d 577, 579 (D.C.Cir.2010). The parole board promulgated a new set of rules in 1987. *Id.* These new rules relied on a point system correlated to offender history, offense characteristics, and behavior while in prison to determine when an offender would become eligible for parole. *Id.*

In 2001 the supervision of Mr. Watson was transferred from the D.C. department of corrections to the BOP as a result of the National Capitol Revitalization and Self–Government Improvement Act of 1997, Pub.L. No. 105–133 § 11231(c), 111 Stat. 712, 745 (Revitalization Act). Although he was not a federal prisoner, Mr. Watson was transferred to a federal facility as a result of the Revitalization Act. In 2000 after taking over supervision of prisoners from the D.C. department of corrections, the federal Parole Commission developed a new set of parole guidelines that also utilized a point system. *See Daniel,* 766 F.3d at 59. Under these new guidelines prisoners were required to serve additional time beyond the minimum sentence in order to be eligible for parole. *Id.*

In 2004 Mr. Watson received his first parole hearing. His eligible parole date was calculated using the 2000 guidelines and he was denied parole. From 2003 through 2008 Mr. Watson filed numerous § 2241 petitions he challenging the parole board's calculations, the use of the 2000 guidelines, and his transfer from the D.C. department of corrections to BOP custody. He raised the issue concerning his parole eligibility and release date six times. *See Watson v. United States,* 392 Fed.Appx. 737, 740 (11th Cir.2010). All of these habeas petitions were dismissed by the district court without any ruling on the merits. *Id.*

In 2009 Mr. Watson filed a § 2241 petition in the Middle District of Florida, once again challenging the calculation of his eligible parole date and the authority of the D.C. department of corrections to transfer inmates to the BOP. *See Watson,* 392 Fed. Appx. at 740 at n. 3. He filed a nearly identical § 2241 petition in the District Court for the District of Columbia that was subsequently transferred to the Mid-

dle District of Florida and consolidated with the earlier petition. The two petitions were initially dismissed by the district court as frivolous, successive, and an abuse of writ. *Id.* at 738–9. On appeal, we held, that despite his numerous filings and dismissals, Mr. Watson's § 2241 petitions had never been adjudicated on the merits and that his case had been improperly dismissed by the district court. *Id.* at 743. On remand the district court ruled against Mr. Watson on the merits of his § 2241 petitions on appeal and we affirmed. *See Watson v. Warden, FCC Coleman–USP I,* 521 Fed.Appx. 899 (11th Cir. 2013).

## II

We normally review a district court's denial or dismissal of a habeas petition de novo. *See Santiago–Lugo v. Warden,* 785 F.3d 467, 471 (11th Cir.2015). Successive habeas petitions are governed by 28 U.S.C. § 2244(a), which reads as follows:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

We conclude that one of Mr. Watson's claims—that the BOP miscalculated the sentence—to be a successive claim and affirm the dismissal of his claim.

■ Mr. Watson has filed several petitions for habeas relief during his incarceration. In 2009 he received a ruling on the merits on the twin petitions he filed in the District of Columbia and the Middle District of Florida. *See generally Watson,* 521 Fed.Appx. at 903. We affirmed the district court's decision that there was no legal defect in his sentence. This is essentially the same issue that he has brought before us in this § 2241 petition. Mr. Watson did not seek permission from the circuit court to file a successive petition as required by 28 U.S.C. § 2224(b)(3)(A). Due to the similarities of this petition and the last petition, as well as Mr. Watson's failure to obtain permission from this court to file the petition, we find that the miscalculation claim is barred as successive and was properly dismissed.

■ We now turn to address the additional claims Mr. Watson asserted in his § 2241 petition. We conclude that Mr. Watson's *ex post facto* challenge to the 2000 parole guidelines is both barred as being successive and as an abuse of writ.

Mr. Watson claims that the application of the 2000 guidelines from the parole commission is a violation of the *ex post facto* clause of the United States Constitution. *See* U.S. Const. art. 1, § 9 cl. 3. Mr. Watson, however, raised this same issue in the district court for the District of Columbia. He did not label this claim as a habeas claim, but the district court treated it as such. *See Watson v. United States Parole Commission,* 869 F.Supp.2d 145, 149 (D.D.C.2012). The district court ultimately denied Mr. Watson's claim. *Id.* at 150. The district court in the case before us referenced this District of Columbia case in its written order, as it addressed this case on the merits. Due to the previous ruling on the same issue by the district court of the District of Columbia, we hold that the merit analysis was not necessary. This claim had already been rejected by another court on the merits and the challenge here was therefore barred as successive. We also note that Mr. Watson was unsuccessful in mounting a similar challenge on the same grounds in the North-

ern District of West Virginia. *See Watson v. O'Brien,* 2015 WL 1038989 (N.D.W.Va. 2015), aff'd, 610 Fed.Appx. 299 (4th Cir. 2015) (affirming the district court's denial of Mr. Watson's petition).

In addition to being barred as successive, Mr. Watson's *ex post facto* claim is also barred as an abuse of writ. An abuse of writ occurs when a "new" claim by the petitioner was available but not raised in a previous petition. *Glumb v. Honsted,* 891 F.2d 872, 873 (11th Cir.1990). Mr. Watson's central allegation—that the 2000 guidelines resulted in him receiving a harsher sentence than what was available at the time of his crime—has been available to him since the denial of parole in 2004. Mr. Watson failed to raise that claim despite his knowledge of its existence in any of his numerous prior § 2241 petitions. We conclude that this claim, in addition to being successive is also an abuse of writ.

Finally, Mr. Watson's claim that the BOP had no authority to recalculate his sentence is also an abuse of writ. Although, Mr. Watson has never raised this exact claim in a previous petition, it is still based on the theory that there is a problem with the parole commission's 2000 guidelines and the application of those guidelines to him. This is an issue that Mr. Watson would have been aware of as early as 2004. In the time since, he has never raised this specific issue, despite it being available to him at the time of his petition in 2009. Consequently, this claim is also barred as an abuse of writ. *See Glumb,* 891 F.2d at 873.

### III

In light of the foregoing, we affirm.

**AFFIRMED**